[Crim. No. 831.   In Bank.—December 17, 1902.]

## THE PEOPLE, Respondent, v. A. MONROE, Appellant.

CRIMINAL LAW—SELLING LIQUOR TO INDIAN—ORDER OF PROOF.—Upon a prosecution for selling liquor to an Indian, the natural order of proof would be first to prove that the Indian bought the bottle and its contents from the defendant, and then to show that it contained whisky; but it is not ground of reversal that it was first proved out of the natural order that the Indian was seen going into and coming out of the defendant's saloon, and that on coming out he had a bottle from which the witness drank, and knew it to contain whisky.

ID.—RESTRICTION OF EVIDENCE.—If the defendant had desired to restrict the evidence offered out of its natural order, he should have so framed his objection and asked an appropriate instruction to the jury.

ID.—IMPROPER RULING RENDERED HARMLESS.—Defendant's question put on cross-examination to a half-breed Indian who testified for the prosecution, and who was with the Indian when the liquor was sold, whether he had been accused of buying liquor and giving it to Indians, should have been allowed, and objections thereto should have been overruled, but where the next question, which fully covered the ground, was answered without objection, the error was rendered harmless.

ID.—PROOF OF VENUE.—It was sufficient proof of the venue to prove the locality of the defendant's saloon, where the liquor was sold, and that this took place in the county of the venue and state of California.

ID.—ARGUMENT—POINT NOT URGED.—A point not urged in the argument, is not of sufficient importance to be discussed in the opinion of the court.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

S. F. Hinds, and R. F. George, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was found guilty of selling intoxicating liquor to one Sam Osborn, an Indian, and

fined in the sum of five hundred dollars, with the alternative of imprisonment in the county jail one day for each two dollars thereof, and appeals from the judgment and from an order denying a new trial.

The defendant kept a saloon and small store at Dunlap. Dave Works, a half-breed Indian, to whom intoxicating liquors might lawfully be sold, had been accused by the defendant of abusing his privilege by buying liquor and giving or selling it to the Indians, and for that reason, as he expressed it, "had it in for the defendant." Works met Sam Stingley, a constable, and had a talk with him, and then got the Indian, Sam Osborn, to go with him to Dunlap to defendant's saloon. Stingley, and another man named Dennis, were stationed in sight of defendant's saloon when Works and Osborn arrived, at about half-past eight or nine o'clock at night.

Defendant had closed his saloon and had lain down when Works called him, saying he was cold and wanted whisky. Defendant came out with a lantern and opened the saloon and Works and the Indian followed him in. In about five minutes they came out, and about one hundred and fifty or two hundred yards away met Stingley and Dennis, who were near enough to see them go in and come out of the saloon, but could not see what occurred inside. Stingley found a bottle of whisky on the Indian, and all four took a drink. In this connection it may be stated that Works and the Indian both testified that each bought a bottle of whisky, while defendant testified that he sold one to Works, but did not sell any to the Indian.

The first witness called for the prosecution was Stingley, the constable. He testified that he saw Dave and the Indian coming out of the saloon, and met them about one hundred and fifty yards away. He was then asked, "What occurred between you and them after they came out of the saloon?" The defendant objected that it was incompetent and immaterial, the defendant not being present. The objection was overruled, and defendant excepted. In response to this and other questions, to which objections were made, the witness was permitted to testify that he got a bottle of whisky from the Indian, and that each of the four persons present drank

from it, and that it was whisky. A motion made by defendant to strike out this testimony was also denied.

This evidence was not offered in its natural order. The Indian should have first been called to prove that he bought the bottle and contents from defendant, and then the evidence that it contained whisky would have followed in natural order. But a failure to follow the natural order of evidence will rarely, if at all, justify a reversal. If the defendant desired to restrict the evidence to a particular purpose, he should have so framed his objection, and asked an appropriate instruction to the jury.

The objection to defendant's question put to Dave Works upon cross-examination, whether he had been accused of buying liquor and selling and giving it to Indians, should have been overruled; but the next question, which was more to the point, was answered without objection and fully covered the ground. The objection to questions put to Works upon cross-examination as to whether he was married to or living with a squaw were properly sustained.

It is also urged that the venue of this offense was not proven. It was testified by Stingley and Dennis that defendant's place of business was at Dunlap, and that "this took place in the county of Fresno, and state of California." This was sufficient.

One of the grounds for a new trial was misconduct of the jury.

As this point is not considered of sufficient importance to be argued, it is not of sufficient importance to be discussed. (*People* v. *Woon Tuck Wo,* 120 Cal. 294.)

The judgment and order appealed from are affirmed.

Beatty, C. J., did not participate in the foregoing opinion.