[Crim. No. 307. Second Appellate District.—December 1, 1913.]

THE PEOPLE, Respondent, v. N. A. CARMEAN, Appellant.

CRIMINAL LAW—RAPE—TIME OF COMMISSION OF OFFENSE—EVIDENCE—INSTRUCTIONS.—Where in a prosecution for rape evidence is introduced showing that the prosecutrix visited the defendant's place of business (where the offense is alleged to have been committed on March 2d) on March 23d and on March 27, 1913, but there is no evidence of an unlawful act between them on either of those latter occasions, and her testimony that she never had intercourse with him except on the one occasion of March 2d, is not contradicted by other testimony, an instruction to the jury that "an act of sexual intercourse committed on a girl under sixteen years of age not the wife of the accused is rape, the date of such act is imma-

terial, if it occurs at any time within three years before the filing of the information. The witnesses for the prosecution fix the date of the act testified to by them as March 2, 1913. If they are mistaken in the date this is immaterial," is not erroneous or misleading, when there is no evidence of the commission of but the one offense, and the jury is also advised that any other misconduct of the defendant is not material or proper to bring before them.

ID.—EVIDENCE ADMITTED FOR LIMITED PURPOSE—INSTRUCTIONS TO JURY —FAILURE TO REQUEST.—The failure of the court to tell the jury that evidence of improper familiarity on the part of the defendant with the prosecutrix was admitted solely for the purpose of proving his adulterous disposition, and not as evidence of the commission of a crime on former occasions, is not error if no such instruction is asked. Where a defendant desires to restrict evidence to a particular purpose, he should so frame his objections, and ask a proper instruction to the jury.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—FAILURE TO OBJECT—REVIEW ON APPEAL.—Alleged misconduct of the district attorney in asking witnesses improper questions will not be considered on appeal, in the absence of specific objection and exception based thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Tom L. Johnston, and Ingle Carpenter, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant having been convicted of the crime of rape, committed upon the person of a female child under the age of sixteen years, appeals from the judgment entered pursuant to the verdict, and from an order denying his motion for a new trial.

The first and principal error alleged and relied upon by appellant consisted in the giving of a certain instruction to the jury. In that instruction the court said:

"An act of sexual intercourse committed on a girl under sixteen years of age not the wife of the accused is rape, the date of such act is immaterial, if it occurs at any time within three years before the filing of the information. The wit-

nesses for the prosecution fix the date of the act testified to by them as March 2, 1913. If they are mistaken in the date this is immaterial. If the girl Pearl Peterson was not with the defendant on March 2, 1913, and if the defendant was not at the place where the offense is alleged to have been committed on March 2, 1913, or if either of said parties was not there, it is obvious that the said offense could not have been committed on that date, and it will remain for you to determine whether or not an act of sexual intercourse was committed between defendant and Pearl Peterson at all within three years. In so determining you will observe the instructions given by the court, and if, notwithstanding erroneous testimony if you so find as to the alleged date of the alleged offense, you are satisfied beyond a reasonable doubt that the defendant committed an act of sexual intercourse upon Pearl Peterson, a female child under the age of sixteen years at any time within said three years you should find the defendant guilty.''

Whether such an instruction as the foregoing was correctly given must be determined by reading the same in connection with the other instructions given, and by considering all such instructions in connection with the evidence in the case. Immediately preceding the above quoted instruction, the court said to the jury: ''The court instructs the jury that it is wholly immaterial on what day or night the offense charged in the information was committed, provided you believe from the evidence it was committed, and that the same was committed within three years prior to the filing of the information in this case.'' The entire record shows an attempt by the prosecution to prove the commission of the offense charged at a stated time of the day on Sunday, March 2, 1913, and an attempt by the defendant to prove that he was absent from the place where the offense is alleged to have been committed, and that such absence covered the entire period of time within which the prosecution claimed that the offense was committed.

It is true that evidence was received showing that the girl in question visited the defendant's place of business (where the offense is alleged to have been committed on March 2d) on March 23d, and on March 27, 1913. But there is no evidence of an unlawful act between her and the defendant on either of those latter occasions, and her testimony to the effect that she never had intercourse with the defendant except on

the one occasion of March 2d, is not contradicted by any of the testimony in the case.

Immediately before the close of the record as to testimony given, the court in ruling upon an objection to a question said: "There is but one matter before this jury and the court, and that is whether the defendant had sexual intercourse with Pearl Peterson. Any other misconduct of the defendant at any other time or any other place, or at this place, would be immaterial and not proper to bring before the jury." This remark was justified by the record and in harmony with the entire theory upon which the case was tried. In view of these facts, we hold that the instruction objected to was not only correct as a matter of law, but also that it was not misleading with respect to the evidence in the case. It is not true that under these instructions the jury was permitted to find the defendant guilty of a similar act other than the one charged in the information, and is not true that under such instruction and with such evidence the jurors were given permission or legal opportunity to convict the defendant of an offense without agreeing upon a definite offense committed on any certain occasion.

The appellant complains that the court erred in failing to restrict the jury in its consideration of defendant's guilt to acts testified to as occurring on the first meeting of the parties, that is to say, on March 2, 1913; and in failing to tell the jury that evidence of improper familiarity on the part of defendant toward and with the prosecutrix, both before and after the time charged in the information, was received and admitted in evidence solely for the purpose of proving the adulterous disposition of the defendant and not as evidence of the commission of a crime on those other occasions. This point is sufficiently covered in the preceding paragraphs. But it may be observed in addition that the defendant did not ask the court to give any instruction whatever in this case. Where a defendant desires to restrict evidence to a particular purpose, he should so frame his objection and he should ask a proper instruction to the jury. (*People* v. *Monroe,* 138 Cal. 97, [70 Pac. 1072]; *People* v. *Fultz,* 109 Cal. 258, [41 Pac. 1040].)

Finally, it is claimed that the court erred in allowing evidence as to alleged or intimated visits of other young girls to

defendant's place of business, after objection had been made by defendant, and that the district attorney was guilty of misconduct in purposely making such intimations and insinuations by questions which he knew called for inadmissible evidence and to which defendant's objection would be sustained. We have examined the rulings admitting such evidence and find that the objections are without merit.    With respect to the conduct of the district attorney, it is true that at certain times during the trial, and especially during cross-examination of the defendant, the district attorney insisted upon asking a series of improper questions as to defendant's acquaintance with certain girls who were named in the questions, and with respect to defendant's having been warned against girls being there at the place where the alleged offense was said to have been committed.    Defendant's counsel objected to these questions, and the objections were sustained.    It does not appear that the asking of these questions was assigned as misconduct at that time.    ''The trial court is always entitled to know the true character of the objection and the reasons, if any, existing in the minds of the attorneys why and for what the objection is urged, to the end that the court may intelligently consider the effect of what has been said by the court, and thus be afforded an opportunity to correct any irregularity either by instruction or otherwise.    In the absence of a specific objection and exception based upon misconduct, an appellate court is not authorized to pass upon the merits of the controversy.''    (*People* v. *Osborn,* 12 Cal. App. 148, [106 Pac. 891].)    Under these circumstances, the appellant is not in a position to ask a consideration of the effect of such alleged misconduct.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.