[Crim. No. 707. Second Appellate District, Division One.—July 28, 1920.]

## THE PEOPLE, Respondent, v. JAMES REYNOLDS, Appellant.

[1] CRIMINAL LAW—RAPE—FAILURE TO MAKE OUTCRY—REFUSAL OF REQUESTED INSTRUCTION—LACK OF FOUNDATION.—In a prosecution for the crime of rape, if there is no evidence that any person other than defendant and the prosecutrix was in the house at the time the alleged rape was committed, the defendant is not prejudiced by the refusal of the court to instruct the jury that if they "believe from the evidence that at the time of the alleged rape other people were at the same time in the same house who might easily have heard her had she made an outcry and that

she in fact made no outcry at the time the defendant was attempt-
ing to have connection with her, that the failure on her part to
make outcry might be considered with all the other evidence in
determining the credibility of such witness and whether rape was
in fact committed or not."

[2] ID.—FAILURE OF PROSECUTRIX TO MAKE OUTCRY—WHEN IMMATE-
RIAL.—Even though other persons were in the house and could
have heard an outcry made by the prosecutrix, and she made
none, such fact could not affect the question of the defendant's
guilt, where the prosecutrix was only thirteen years of age.

[3] ID.—DATE OF ACT—PROPER INSTRUCTION.—In a prosecution for
the crime of rape, an instruction to the effect that the date of
the alleged act of rape is immaterial if it occurred at any time
within three years before the filing of the information is proper.

[4] ID. — REQUEST OF ERRONEOUS INSTRUCTION — ESTOPPEL TO COM-
PLAIN.—The defendant, in a prosecution for the crime of rape,
cannot complain of an instruction requested·by himself, even if it
is erroneous.

[5] ID.—IMPEACHMENT OF OWN WITNESS—MANNER OF.—While sec-
tion 2049 of the Code of Civil Procedure provides that a party
calling a witness may impeach him by showing that he has there-
tofore made statements inconsistent with his present testimony,
in order to do so, under section 2052 of said code, the statements
must be related to him with the circumstances of time, places,
and persons present, and he must be asked whether he made such
statements and, if so, permitted to explain them, and if the state-
ments be in writing, they must be shown to the witness before
any question is put to him concerning them.

[6] ID. — WHEN IMPEACHMENT OF OWN WITNESS PERMITTED. — The
right to impeach a witness is confined to cases wherein a party
is taken by surprise on account of the character of the testimony
of the witness whom he has himself called under an honest belief
as to what the testimony of such witness would be.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Judd for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy
Attorney-General, and Thomas A. Wood for Respondent.

6. Impeaching one's own witness, notes, 60 **Am. Dec.** 749; **Ann.**
**Cas.** 1914B, 1120.

SHAW, J.—Defendant was convicted, as charged, of the crime of rape, alleged to have been committed about August 13, 1919, upon a girl of the age of thirteen years.

He appeals from the judgment and an order denying his motion for a new trial.

While defendant raises no question as to the sufficiency of the evidence produced in support of the verdict, he insists that the judgment should be reversed on account of alleged errors committed by the court in the course of the trial.

[1] Error is predicated upon the refusal of the court to instruct the jury, at the request of defendant, as follows: "You are instructed that if you believe from the evidence that at the time of the alleged rape other people were at the same time in the same house who might easily have heard her had she made an outcry and that she in fact made no outcry at the time the defendant was attempting to have connection with her, that the failure on her part to make outcry might be considered with all the other evidence in determining the credibility of such witness and whether rape was in fact committed or not."

As appears from the testimony, the alleged rape was committed in July, 1919, the prosecutrix being unable to fix the day of the month, and we find no evidence that any person other than defendant and the prosecutrix was in the house at the time; on the contrary, the evidence of the latter negatives such fact. Therefore, since there was no evidence tending to prove the facts on which the instruction was based, defendant could not have been prejudiced by the refusal of the court to give the same. [2] Conceding, however, that other persons were in the house and could have heard an outcry made by the prosecutrix, and that she made none, such fact could not affect the question of defendant's guilt, since by reason of her age it is immaterial whether she consented to the act or was forced to submit thereto. (*People* v. *Totman,* 135 Cal. 133, [67 Pac. 51].) The refusal to give an instruction to like effect in *People* v. *Lee,* 119 Cal. 84, [51 Pac. 22] was sustained by the court, which said there was no probative force in the fact that the prosecutrix made no outcry. In *People* v. *Howard,* 143 Cal. 316, [76 Pac. 1116], the trial court refused to instruct the jury as follows: "If you believe from the evidence that at the time the offense is alleged to

have been committed the prosecuting witness made no out-cry and didn't immediately complain to others, but con-cealed it for several months and then only told it by reason of threats and promises, then the jury should take this cir-cumstance into consideration with all the other evidence in determining the credibility of such witness and whether a rape was in fact committed or not." While not discussed in the main opinion, Chief Justice Beatty and Justice Shaw in concurring, upheld the refusal to give the instruction because it included the proposition first quoted therein which, said the chief justice, "has no application to the statutory offense—concealment by a consenting female being a circumstance wholly lacking in the significance of the same fact in the common-law offense of rape."

Since the guilt of defendant could not be affected by the consent or nonconsent of the prosecutrix, we are unable to perceive how the question as to whether or not the prose-cutrix made an outcry could be considered in determining her credibility "and whether rape was in fact committed or not."

[3] Another error is based upon the fact that the court instructed the jury as follows: "The date alleged in the information in this case is on or about August 13, 1919, and the prosecutrix fixes the date of the act testified by her as the —— day of July, 1919. . . . The date of such act is immaterial if it occurred at any time within three years before the filing of the information"; and further told the jury that if they were satisfied beyond a reason-able doubt that defendant committed an act of sexual in-tercourse upon the girl at any time within three years, they should find him guilty as charged. The instruction as given is identical with one considered in the like case of *People* v. *Carmean,* 23 Cal. App. 396, [138 Pac. 117], the giving of which was held to be proper. While an examina-tion of the evidence shows that the prosecutrix testified that at other times during the year immediately preceding the act complained of she had had sexual intercourse with defendant, no attempt was made to establish the commission of the crime charged at any date other than in July, 1919. Indeed, the testimony was directed alone to the one act com-mitted at the time fixed by the prosecutrix; and, as else-where instructed, the jury were told that evidence of like

acts, other than that committed by defendant at the particular time fixed by the prosecutrix, was received and admitted for the purpose only of showing the disposition of defendant and as having a tendency to render it more probable that the act of sexual intercourse alleged in the information was committed at about the time alleged therein; and further told the jury, "there is but one matter before this jury and the court, and that is whether the defendant had sexual intercourse with the girl . . . on or about the time alleged in the information." **[4]** Not only, in our opinion, was the instruction, considered in the light of the evidence, not erroneous, but it is designated in the record as *defendant's instruction,* from which we infer that it was requested by the defendant, in which case, even if erroneous, he is in no position to complain.

Appellant also complains of error predicated upon a ruling of the court in denying him the right to impeach a witness called on behalf of defendant. This is predicated upon the fact that after the witness had answered a question, defendant's counsel said: "I want to read you the following question which was asked you and answered by you at that time," referring to the preliminary hearing, to which opposing counsel objected upon the ground that it was not proper cross-examination, and the court interposed with the statement: "You can't ask the witness if he didn't testify a certain thing at a certain time; that is impeachment." Presumably the answer to which defendant's counsel had reference was one given by the witness at the preliminary examination. The record, however, is silent as to what this answer was, and for aught that appears to the contrary, it might have been identical with the answer given to the question asked at the trial; hence, if error, there is no affirmative showing that defendant was prejudiced thereby. **[5]** Moreover, while section 2049 of the Code of Civil Procedure provides that a party calling a witness may impeach him by showing that he has theretofore made statements inconsistent with his present testimony (sec. 2052, Code Civ. Proc.), nevertheless, in order to do so, the statements must be related to him with the circumstances of time, places and persons present, and he must be asked whether he made such statements and, if so, permitted to explain them, and if the statements be in

writing, as they were in this case, they must be shown to the witness before any question is put to him concerning them. **[6]** Furthermore, such right appears to be confined to cases wherein a party is taken by surprise on account of the character of the testimony of the witness whom they have themselves called under an honest belief as to what his testimony would be. (*People* v. *Johnson,* 131 Cal. 511, [63 Pac. 842].) Since there is no disclosure in the record that the evidence was damaging to the defendant or that he had theretofore given evidence or made statements contrary to his testimony, or that defendant was taken by surprise by the statements made, nothing appears upon which defendant could base a claim of right to impeach the witness in question. The record discloses no attempt made by defendant to impeach the testimony of the witness and no ground for permitting such impeachment.

From all of which it follows there is no merit in the appeal.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.