[Crim. No. 1282.  Second Appellate District, Division Two.—July 26, 1926.]

## THE PEOPLE, Respondent, v. RANDALL WHITACRE, Appellant.

[1] Criminal Law — Robbery — Grand Larceny — Alibi — Evidence —Rebuttal Testimony.—In a prosecution for robbery and grand larceny, the materiality of testimony offered by defendant as to his whereabouts on any given date is dependent upon the question .as to whether or not it rebuts evidence produced by the prosecution on the same subject; and while the People are permitted considerable latitude in their proof as to when the offense charged was committed, this in no way varies the rules of evidence concerning the materiality or competency of rebuttal testimony.

[2] Id.—Date of Commission of Crime—Evidence.—In such prosecution, where none of the People's witnesses fixed the date of the alleged robberies other than January 17th or 18th, evidence as to defendant's whereabouts before the preceding Christmas or on January 12th was immaterial.

[3] Id.—Place of Commission of Crime—Alibi—Evidence.—In such prosecution, where the People's witnesses testified that the alleged robbery was committed in one city on a certain date, evidence that defendant was not in another city on that date was immaterial.

[4] Id. — Date of Act — Proper Instruction. — Unless two or more similar offenses be shown by the evidence, upon either of which the jury might convict, it is proper to instruct that the date of the act is immaterial if it occurred at any time within three years before the filing of the information.

[5] Id.—Misconduct of District Attorney—Photographs—Exhibits. In this prosecution for robbery and grand larceny, the district attorney was not guilty of misconduct in momentarily exhibiting to witnesses a photograph of defendant's alleged accomplice, where it was not shown to the jury and was excluded as an exhibit when offered in evidence.

[6] Id.—Examination of Witnesses by Trial Judge—Absence of Prejudice.—In such prosecution, the rights of defendant were not prejudiced by the action of the trial court in occasionally

4.  See 8 Cal. Jur. 327.
6.  See 27 Cal. Jur. 65; 28 R. C. L. 587.

asking questions of witnesses for the purpose of elucidating and making clear obscure points upon matters which previously had been the subject of testimony.

(1) 16 C. J., p. 559, n. 30 New; 31 C. J., p. 841, n. 4, p. 842, n. 8. (2) 16 C. J., p. 559, n. 30 New. (3) 16 C. J., p. 563, n. 24 New. (4) 16 C. J., p. 969, n. 24. (5) 16 C. J., p. 892, n. 91 New. (6) 40 Cyc., p. 2439, n. 4.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Mulligan & Rysek for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

CRAIG, J.—The grand jury of Los Angeles County indicted the appellant and one Vincent Marsiglia, charging them jointly with having committed grand larceny and robbery in said county, on or about January 18, 1924. Appellant was tried alone upon two counts of the indictment and was convicted. A motion for new trial was thereafter presented, which was denied, and this is an appeal from the judgment and ruling upon said motion.

There is no dispute as to the robberies having been committed, as alleged and as shown by the evidence, appellant's sole defense being that he was not in Los Angeles County at the time of their perpetration. It appears from the testimony of the People's witnesses, H. C. Smith and George L. Smith, that while they were driving into the city of Inglewood, on or about the above-mentioned date, they were stopped by a Japanese, who was soon joined by the defendant Marsiglia, and were conducted to the rear room of a building occupied by said Japanese and his family. Both of the Smiths testified that as soon as they entered the building this appellant threatened them with a revolver, commanded, "Stick up your hands," and held them at bay while Marsiglia searched them; that about forty dollars was taken from the person of H. C. Smith and about fifteen dollars

and other personal property from George L. Smith. The Smiths were then driven into an adjoining room, and one of them testified that appellant told them that if they attempted to leave the room within five minutes they would have their heads blown off. The witness, Mainhardt, testified that appellant and Marsiglia held him up and took his automobile from him in the city of Inglewood on the night of January 17, 1924.

Both of the Smiths and Mainhardt recognized appellant and pointed him out among several other men at the county jail two or three weeks before the trial of this case, and at least five witnesses positively identified him in the courtroom while testifying on June 4, 1925, nearly a year and a half after the offense was committed.

Appellant testified that he was not in Los Angeles County on the date of the robbery; that he had been sick and was unable to work, but that one Jack Stender wrote him from San Diego, offering him a job; that he went to San Diego between January 10th and January 18th, but did nothing more there than work on Stender's automobile a few days, whereupon he left San Diego for the state of Illinois; that he went as far as Yuma, Arizona, on the Arizona Eastern, and there transferred to the Rock Island lines. His own counsel asked him if he was sure that he transferred to the *Rock Island* at Yuma, to which he answered in the affirmative. Stender testified that he was a marble setter, and that he employed appellant to help in setting stone, but that the material failed to arrive as expected, and that appellant worked on his automobile a few days and departed. This witness at first asserted quite positively that appellant was in San Diego on January 18, 1924, but finally admitted that he kept no records, and his memory being remarkably deficient as to other dates and events, at last said that he had not thought about the 18th of January being later than the second week of said month, and that he had not had time to look it up.

Two sisters and the mother of appellant testified for him, but the latter said that she did not know where he was on the date of the robbery. His counsel asked each of the sisters where he was just prior to Christmas, 1923, to which objections were sustained; one of them testified that she saw him in San Diego very nearly the 18th of January, 1924,

that she bought his ticket and saw him board the train, she presumed for the east, but that she did not know where he went, and that she did not see him on the 18th. The other sister swore that she did not know whether he was at San Diego or Los Angeles on that date, but that she knew he could reach Los Angeles from the southern city within three or four hours.

It is urgently insisted from the foregoing facts that inasmuch as appellant's employer was the only witness who knew of his whereabouts on the date of the offense, and that he testified "positively that the defendant was on the eighteenth day of January, 1924, employed by him" in the city of San Diego, and one of his sisters purchased his ticket and saw him board the train at San Diego—although she did not know where he went—that the trial court erred in that it denied him a reasonable amount of latitude in examining the witnesses. Appellant testified that at the time in question he was "pretty positive" that he was on the train, going east. Five witnesses positively placed him at the city of Inglewood, committing robbery with a deadly weapon; and his sisters testified that they could not swear that he was not at Inglewood at that time. The jury doubtless viewed the testimony of Stender as being extremely uncertain in the face of voluminous positive testimony to the contrary. Had appellant in fact been at work in the city of San Diego on January 18th, it would not have been impossible for him to have left the train, if he had boarded one that day, and to have arrived at Inglewood within a few hours by automobile. But there is no definite proof that he boarded the train on the 18th, though there is evidence that he was in Inglewood on the night of Thursday, following the 15th of January, 1924, in a Hudson super-six automobile. It was admitted that Thursday following January 15, 1924, was January 17th, and it appears that the robbery was committed on the eighteenth day of January of that year. Appellant's witnesses were asked if they knew where appellant was before Christmas, 1923, or on January 12, 1924, and having shown on *voir dire* that they could not answer the questions, they were asked whether or not appellant was in the city of Los Angeles on the 18th of January, 1924, to which the district attorney objected that the evidence sought

was "incompetent, irrelevant and immaterial, and no proper foundation laid."

[1] The objections were sustained, and properly so, if for no other reason than because the presence or absence of appellant in Los Angeles was not in issue. The People's witnesses had testified to the commission of the robbery in Inglewood and not in Los Angeles. The materiality of the testimony offered by the defendant as to his whereabouts on any given date is wholly dependent upon the question as to whether or not it rebuts evidence produced by the prosecution on the same subject. While the People are permitted considerable latitude in their proof as to when the offense charged was committed, this in no way varies the rules of evidence concerning the materiality or competency of rebuttal testimony. [2] In the instant case none of the People's witnesses fixed the date of the alleged robberies as other than the 17th or the 18th day of January, 1924. Hence the whereabouts of appellant before Christmas, 1923, or even on January 12, 1924, was in no way material. Such proof would clearly have no bearing upon the issues of the alleged crime on either the 17th or the 18th of January. [3] Evidence as to his whereabouts on other dates, or as to the fact that he was not in Los Angeles on the 18th, would be wholly immaterial, and we think, therefore, that the rulings of the trial court in this behalf were clearly proper.

[4] It is next urged that, having fixed upon the date of the offense, the trial court erred in charging the jury that: "It is wholly immaterial on what day or night the offenses charged in the indictment were committed, provided you believe from the evidence that they were committed by the defendant and that the same, or either of them, were committed within three years prior to the finding of the indictment in this case."

The appellant stated that he was at Los Angeles on January 10, 1924, and the offense was alleged to have been committed on or about the 18th of the same month. H. C. Smith testified that he was robbed about the latter date, and his brother averred that he was with him at the time. Mainhardt stated that as nearly as he could fix the date that he saw appellant was on Thursday, following the 15th of January. The theory advanced by appellant is that if the

jury believed that the complaining witnesses were in fact robbed at Inglewood by the appellant, but were uncertain, or entertained a reasonable doubt as to whether or not he committed the crime on Friday, the eighteenth day of January, 1924, they should not convict him. But such is not the law. Authorities are cited by appellant to the effect that an instruction which tends to belittle or disparage a defense of this character is prejudicially erroneous. However, it was held in those cases that the jury should not be instructed that an alibi is a "defense" which must be proved by a preponderance of the evidence, and no mention is made of an instruction such as that here presented. The correct rule is that unless two or more similar offenses be shown by the evidence, upon either of which the jury might convict, it is proper to instruct that "the date of the act is immaterial if it occurred at any time within three years before the filing of the information." (*People* v. *Reynolds,* 48 Cal. App. 688 [192 Pac. 343] ; *People* v. *Carmean,* 23 Cal. App. 396 [138 Pac. 117] ; Hughes on Instructions to Juries, sec. 108, p. 99.)

[5] Again, it is urged that the district attorney was guilty of misconduct in that the photograph of appellant's alleged confederate, Marsiglia, "was constantly kept before the jury," and "was constantly referred to throughout the entire trial." There was testimony by each of the witnesses that appellant had an accomplice at the time in question, whom they later learned was the Marsiglia who was indicted with him, but was not on trial nor present in court. There is no evidence that any photograph was more than momentarily exhibited, and it is apparent that none was shown to the jury. During the examination of the first witness counsel for the prosecution prematurely exhibited a photograph and asked, "Do you know whom that photograph represents?" to which the witness replied that it was not the defendant on trial, but that it was Marsiglia. Appellant's counsel thereupon interposed objections, substantially as we have related, to which the court promptly replied: "There has not been a word said so far about any crime," and sustained the objections. Thereafter the photograph was shown to other witnesses in a similar manner, was identified as that of Marsiglia, and no objection was made to this or any other testimony of said witnesses during

direct or redirect examination. It was offered as an exhibit but was excluded and the offer was withdrawn.

[6] Finally it was contended that the rights of the appellant were prejudiced by the trial court in its examination of the defendant and other witnesses. *People* v. *Boggess,* 194 Cal. 212 [228 Pac. 448], is cited in support of this point. It was there held that the trial court, over objection, repeatedly interrupted witnesses and took them out of the hands of the defendant's counsel, cross-examined them, and directly called specific testimony to the attention of the jury. No such conduct was in any manner chargeable to the court below in the instant case. Occasionally the trial court asked two or three questions of a witness for the purpose of elucidating and making clear any points that might otherwise have remained obscure. As was held to be proper in *People* v. *Reid,* 72 Cal. App. 611 [237 Pac. 824]. ''Manifestly, the purpose in all of the questions was to make more clear matters that had previously been the subject of testimony.''

No error appearing, the judgment and order appealed from are affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 23, 1926, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 23, 1926.