[Crim. No. 1956. First Appellate District, Division Two.—July 9, 1937.]

THE PEOPLE, Respondent, v. HARRY RALLS, Appellant.

John T. McCarthy and J. Bruce Fratis for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SPENCE, Acting P. J.—Defendant was charged in a single information with three offenses, namely a violation of section 288a of the Penal Code; a violation of section 288 of the Penal Code; and a violation of section 21 of the Juvenile Court Act. Upon a trial by jury, he was found guilty of all three offenses. His motion for a new trial and his motion for probation were denied. Judgment was thereupon entered sentencing him to concurrent terms in the state prison for the first two offenses and to a term of ten days in the county jail for the third offense. Defendant appeals from the judgment and from the order denying his motion for a new trial.

█ Appellant contends that the testimony of the complaining witness was inherently improbable and that the trial court therefore erred in denying his motion for a new trial. We find no merit in this contention. It would serve no useful purpose to set forth in detail the testimony of the complaining witness regarding the nature of the acts of appellant. Said witness was a young girl of the age of nine years at the time the offenses were committed but it appears from her testimony that she was an intelligent child and that she told a convincing story in a straightforward manner. It may be conceded that there was some vagueness and uncertainty in her testimony regarding the exact day upon which the offenses were committed but this might be expected as said offenses were alleged to have occurred on or about January 20, 1936, and the trial was not held until November, 1936. It may be further conceded that her testimony disclosed acts of appellant and acts on her part done at appellant's suggestion, which acts appear somewhat unusual to the normal adult mind. But these matters were primarily for the consideration of the jury and thereafter for the consideration of the trial court in ruling upon the motion for new trial. The jury and the trial court evidently believed the testimony of the complaining witness in all of its material aspects and their conclusions may not be set aside unless it clearly appears that said testimony was inherently improbable. We find no inherent improbality in the testimony in the present case. As was said in *People* v. *Collier*, 111 Cal. App. 215 at page 226 [295 Pac. 898, 902] : ''We understand that an appellate court can reject the positive testimony of a witness only when that testimony is 'inherently improbable'. It is not sufficient that the testimony may disclose circumstances which are unusual. Where the testimony is such that within the knowledge of reasonable men it cannot be true the appellate court might assume that knowledge and hold the testimony legally insufficient, but to do so the court must act on what is equivalent to judicial notice. (See, also, *People* v. *Quinn*, 12 Cal. App. (2d) 752 [55 Pac. (2d) 1277] ; *People* v. *Becker*, 140 Cal. App. 162 [35 Pac. (2d) 196] ; *People* v. *Haydon*, 18 Cal. App. 543 [123 Pac. 1102, 1114] ; *People* v. *Von Perhacs*, 20 Cal. App. 48 [127 Pac. 1048] ; *People* v. *Troutman*, 187 Cal. 313 [201 Pac. 928] ; 8 Cal. Jur., p. 591.)

The next contention of appellant is stated as follows: "It was error for the court to advise the jury during the trial of the case that the time of the happening of the alleged act was immaterial." In discussing this contention, it should be stated that the trial court gave the following instruction in its charge to the jury, "You are instructed that the exact date of the offense is immaterial. If you are convinced that the child is mistaken as to the exact date of the crime and yet are satisfied from the evidence, to a moral certainty and beyond a doubt, that it occurred at some date very near January 20, 1936, and that the defendant committed the same, you are warranted in finding the defendant guilty." Appellant does not challenge the correctness of said instruction but his attack is directed at certain comments made by the trial court during the examination of the witnesses. It should be further stated that the testimony showed that the alleged offenses were all committed one afternoon in the house where the complaining witness resided. The mother of the child did not learn of the facts until about a month or more thereafter and appellant was not arrested until March 6, 1936.

The complaining witness and her sister, who was a child of 15 years, were the only witnesses to testify regarding the approximate date when the offenses were committed. Their testimony was somewhat vague and uncertain as to the exact date. The complaining witness testified that it was "about last January 20th". Her sister testified to the same effect but further stated, "I don't know the exact date but it was after Christmas and it must have been a Saturday because we were not at school." She was not sure whether it was in the latter half of January and could not say whether it was in February. An attempt was made on the direct and cross-examination of these witnesses to have them fix the exact date but it was quite apparent that these young children were unable to do so. It was during such examination that the challenged comments were made by the court. A review of the record leads us to the conclusion no error was committed. Reading all of the comments and the above-mentioned instruction together, it is entirely apparent that the trial court was merely declaring that if the children could not remember the exact date the approximate date was all that would be required. The trial court stated to counsel for appellant "Of course the time has to be fixed with reasonable

accuracy but a definite date is not necessary. Now, if the time is important you can find out as closely as the child can tell you when it did happen. If it wasn't the 20th, try to find out when it was. I suppose that is what you are trying to do." It should be further stated that many of the comments of the trial court, which are set forth in appellant's brief, related to the time when events, other than the acts charged, occurred.

Appellant later introduced evidence tending to prove an alibi, but that evidence was confined to showing his whereabouts on Saturday, January 18th, and Monday, January 20th. He concedes that ordinarily the exact date of the commission of an offense is immaterial but he claims the rule to be otherwise when the person charged seeks to establish an alibi. He states that in such cases, "The true rule is that the time of the offense must be fixed with reasonable certainty, i. e., a day certain, or several possible dates. . . . The jury should be limited in their deliberations to the date given or *one very near to it.*" We are not prepared to approve and need not approve the rule as stated by appellant (see *People* v. *Whitacre*, 79 Cal. App. 27 [248 Pac. 924] ; *People* v. *Britt*, 62 Cal. App. 674 [217 Pac. 767]), for even conceding that he has correctly stated the rule, we are of the opinion that when all of the comments of the trial court and the instruction above set forth are read together, said comments and instruction are in harmony with the rule as stated by appellant. Appellant cites and relies upon *People* v. *Waits*, 18 Cal. App. (2d) 20 [62 Pac. (2d) 1054], and *People* v. *Morris*, 3 Cal. App. 1 [84 Pac. 463]. Those cases are clearly distinguishable as the testimony in each of said cases fixed the time of the commission of the offense at a definite hour on a definite day. The distinction is pointed out in *People* v. *Morris, supra*, at page 10, where the court said, "It does not often happen that an alleged crime is narrowed to a particular hour; often not even to a particular day. But, when it is so narrowed, the time, even the hour, may become important." Such was not the case here.

Appellant further contends that the trial court erred in denying his motion for probation. We find no merit in this contention. The determination of the trial court in granting or denying probation is not ordinarily reviewable on appeal. (*People* v. *Mortensen*, 10 Cal. App. (2d) 124 [51 Pac. (2d) 450] ; *People* v. *Krug*, 10 Cal. App. (2d) 172

[51 Pac. (2d) 445]; *People* v. *Howe*, 1 Cal. App. (2d) 518 [36 Pac. (2d) 820]; *People* v. *Kirwin*, 87 Cal. App. 783 [262 Pac. 803].) The only authority relied upon by appellant is *People* v. *Jones*, 87 Cal. App. 482 [262 Pac. 361], where the trial court ruled, "I will not permit an application for probation to be filed." The case therefore is not in point as only the question of the right to apply for probation was involved and the decision (p. 496) expressly recognized the rule that in the ordinary case, the action of a trial court in ruling upon an application for probation is not reviewable upon appeal. Here appellant was permitted to file his application. Said application was not summarily denied as it might have been (Pen. Code, sec. 1203), but it was referred to the probation officer and was considered by the trial court on two occasions after the report of the probation officer had been filed. The probation officer recommended probation but solely upon the ground that he entertained doubt as to appellant's guilt. In said report, the probation officer further stated, "The trial discloses a set of facts and features such that no relief through probation should be considered or entertained were all doubt as to guilt removed." The question of the guilt of the defendant was not one for the probation officer to determine and even if his recommendation had been made upon other grounds, it would not have been binding upon the trial court. The jury had determined the question of guilt in the first instance and the trial court had placed its approval upon the jury's verdict by denying the motion for new trial. Assuming, as we must in discussing this contention, that appellant was guilty of the offenses charged, there certainly was no error committed in denying his motion for probation.

 Lastly, appellant contends that the trial court was chargeable with misconduct in making certain comments relating to the testimony during the examination of certain witnesses. Appellant concedes "that the instances heretofore set forth are apparently minor in character" and from an examination of the record we are satisfied that there was no misconduct on the part of the trial court. But even assuming that there was, a complete answer to appellant's contention is that he failed to make any objection or assignment of misconduct in the trial court. As is said in 8 California Jurisprudence, page 510, "In the absence of an assignment of misconduct or request for an admonition to the jury

to disregard the objectionable remarks, an appellate court will not pass upon the merits of an objection thereto presented for the first time upon appeal.''

The judgment and order denying the motion for new trial are affirmed.

Sturtevant, J., concurred.