[Crim. No. 3142.   Second Appellate District, Division Two.—October 13, 1938.]

THE PEOPLE, Respondent, v. MATTHEW SHANNON, Appellant.

Otto J. Emme for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—This appeal is taken from judgments of conviction on one count of conspiracy to violate section 245 of the Penal Code and two counts of assault with a deadly weapon, and from an order denying a motion for a new trial. Appellant and his codefendant Holmes were tried before a jury which returned verdicts of guilty on all three counts. The principal contention raised by appellant is that the evidence is insufficient to sustain the verdicts on each of the three counts. The evidence discloses that at the time the acts charged in the informations were committed, a strike of the delivery and warehouse departments of the May Company, a department store in Los Angeles, was in progress. Appellant and defendant Holmes were former employees of said store and were participants in the strike.

During the morning of January 15, 1938, in the same general vicinity of the city of Los Angeles, four different

employees of the May Company and their accompanying guards, employees of a detective agency, were assaulted while driving May Company trucks. These assaults consisted in certain objects being impelled or thrown against the trucks; in two instances the objects penetrated the windshields, causing injury to the drivers. At the time when three of the attacks occurred, the driver and guard in each instance testified that a certain dark-colored or black Ford sedan with yellow or cream-colored wire wheels was just passing or had just passed the truck. Some of the drivers and guards testified that said sedan bore 1937 license plates, having a number commencing with the figures "1–P" or "1–P4", but that they had been unable to obtain the complete license number. It appeared that appellant at that time owned a Ford sedan, similarly colored, which bore 1937 license plates numbered "1–P4328". Appellant's car had been located in a parking lot two days after the assaults and was there identified by two witnesses as the same car which had been observed at the scene of the attacks. In the case of one assault the driver and guard saw two men in the front seat of the Ford sedan and one in the rear, the latter being identified as defendant Holmes, who at that time was apparently about to or had just shot some object from a sling-shot which he held in his hands. In one of the other assaults defendant Holmes was identified as the occupant of the rear seat of the sedan, and in one instance appellant was identified as the driver of the car.

The evidence further discloses that about a week prior to the assaults appellant was identified as the driver of a dark-colored Ford sedan, with yellow wire wheels, bearing license number "1–P4328", which was following a May Company truck which was making deliveries. At that time in the course of a conversation with the driver of the truck appellant stated that he was not following the driver but was merely obtaining some addresses for his employer. Appellant and defendant Holmes both sought to prove alibis to the effect that during the entire morning of January 15, 1938, they were working at their respective homes.

It is a reasonable inference that all four assaults were carried out by the same two or more persons. In each instance the same means of assault was adopted and the same car, which was identified as being appellant's, was used.

There appears to have been a common scheme or design in all of the assaults. In the case of some assaults, the participants were identified as being appellant and defendant Holmes. Under the circumstances it is fair to conclude that the same two were participants in all of the assaults.

Since we must view the evidence in the light most favorable to the respondent under the rule that all intendments are in favor of upholding the judgment of the trial court (*People v. Dukes*, 90 Cal. App. 657 [266 Pac. 558]), we therefore conclude that there was substantial evidence to support the verdicts of the jury.

With respect to appellant's argument that the evidence relative to his following a May Company truck at a time about one week prior to the date of the assaults was improperly admitted, it is sufficient to note that this evidence was properly before the jury as being a circumstance tending to identify appellant as one of the participants in the subsequent assaults.

The final contention advanced by appellant is that the court erred in giving and refusing to give certain instructions. It is claimed that the court failed to instruct the jury that in order to establish a conspiracy, the prosecution must allege and prove an overt act. The record discloses that the subject of overt acts was adequately covered by other instructions given by the court. Further elaboration is unnecessary for, had the court erred in this respect, appellant has failed to show wherein he was prejudiced by such error. The overt acts charged in the conspiracy count were the assaults charged in the other two counts. The jury returned verdicts of guilty on all three counts so, of necessity, must have found the existence of the overt acts which were charged in the conspiracy count.

Appellant requested certain instructions relative to the right of union labor to strike and declare a boycott, which were refused by the court. It is claimed that the failure to give these instructions constituted error. Section 1093, subdivision 6, of the Penal Code provides in essence that it is the duty of the court to instruct the jury on any points of law *pertinent* to the issue. In the instant case, appellant was not on trial for striking or for attempting to declare a boy-

cott and no issue in this respect was presented. The requested instructions, not being pertinent to the issues in the case, were therefore properly refused.

■ An instruction was given to the effect that it was immaterial when the offense was committed, providing it was committed within three years prior to the filing of the information. Though appellant fails to point out any requested instruction on the subject, he now argues that since his defense was an alibi, that it was the duty of the court to instruct the jury in such a manner as to limit its consideration of the evidence to a period which the prosecution selected as the time of the commission of the offense and that the giving of the above instruction was error for that reason. The instruction is substantially in the language of section 955 of the Penal Code and is not erroneous, since it merely purports to be an instruction on the statute of limitations. The testimony was directed alone to the acts committed at the time fixed in the information. All of the offenses occurred between 9 o'clock A. M. and noon on Saturday, January 15th. This is not a case where the prosecution produced evidence that at other times during the year immediately preceding the acts complained of the defendant had committed similar acts. (*People* v. *Reynolds,* 48 Cal. App. 688 [192 Pac. 343] ; *People* v. *Carmean,* 23 Cal. App. 396 [138 Pac. 117].) The instruction was not misleading. It is not true that under this instruction the jury was permitted to find the defendant guilty of similar acts other than the ones charged in the information, and it is not true that under such instruction and with such evidence the jurors were given permission to convict the defendant of an offense without agreeing upon a definite offense committed on any certain occasion.

· ■ The court gave two general instructions on the subject of alibi, one of which reads, in part: ''An alibi simply means that the defendant was at another place at the time the crime charged is alleged to have been committed.'' This sufficiently meets appellant's objection as to the time element. In any event, since both of the alibi instructions correctly stated the law on that subject, appellant cannot for the first time on appeal raise the objection that they were not specific enough. A request should have been made at the time the instructions were given that they be made more specific with

682

regard to the time element. (*People* v. *Weber*, 149 Cal. 325 [86 Pac. 671].)

For the foregoing reasons, the judgments and orders appealed from are affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 25, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 7, 1938. Houser, J., voted for a hearing.