[Crim. No. 5776.   Second Dist., Div. One.   Oct. 15, 1956.]

In re MIKE LAHAM, on Habeas Corpus.

Hahn, Ross & Saunders for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and Robert C. Lynch, Deputy County Counsel, for Respondent.

NOURSE (Paul), J. pro tem.*—Petitioner, having been found in contempt of an order of the Superior Court of the State of California, in and for the County of Los Angeles, and sentenced to serve a term of five days in the county jail, seeks a release from custody upon the ground that the judgment of contempt was void and beyond the jurisdiction of the superior court.  His specific attacks upon the legality of the order will be hereinafter mentioned.

Petitioner is the defendant and cross-complainant in an action for divorce commenced by his wife, Nadia.  On March 9, 1956, by stipulation of the parties and in the presence of petitioner, an order was made and entered that ''both parties are restrained from annoying or molesting the other in any manner.''  On July 30, 1956, Nadia filed in the divorce action her affidavit charging, among other things, that on or about July 6 and on July 21, 1956, petitioner willfully and without cause violated the court's order by going to the home of

*Assigned by Chairman of Judicial Council.

plaintiff and trying to by force take the minor children of the plaintiff, who had been awarded to her, from her.

Upon the basis of this affidavit an order to show cause was issued and served upon the defendant requiring him to show cause why he should not be held in contempt of the order of March 9. The matter was heard before a commissioner of the court who found that petitioner did molest and annoy Nadia on July 3 by, through force, taking one of the children of the parties from the custody of Nadia and by engaging in an argument with her. At the hearing before the commissioner both petitioner and his wife fixed the time of this occurrence as July 3.[1]

The commissioner recommended that the defendant be found in contempt of court for having willfully violated the order of March 9 on Tuesday, the 3d day of July, and again on Saturday, the 21st day of July, and that the matter be continued to September 21, 1956, for hearing before Judge Fox for the purpose of sentence. The findings and recommendations of the commissioner were approved by Judge Evans, and on September 21 petitioner was sentenced by Judge Fox.

█ Petitioner attacks the judgment of contempt upon two grounds. His first ground is that the affidavit and order to show cause charged him with contempt of the order restraining him from annoying and molesting his wife, but that the commissioner found that he was in contempt for violating an order as to custody of the children.

There is no factual basis for this contention. It is true that the commissioner found that one of the acts committed by petitioner on July 3 consisted of forcibly taking one of the children from the possession of Nadia, but he found that this constituted an annoyance and molestation of Nadia—and that such an act would annoy her and constitute a molestation is too apparent for argument.

The other contention made by petitioner is that the affidavit of Nadia upon which the order to show cause *in re* contempt was based charged him with the violation of the court's order on or about July 6, 1956, while the commissioner found that the violation took place on July 3, 1956, and that he was thus deprived of proving an alibi as to July 6.

---

[1]The commissioner also found that the petitioner again violated the order on July 21, but as the petitioner was not sentenced for that violation it is of no materiality here.

There is no merit in this contention. At the hearing on the order to show cause the time of the occurrence was fixed by both parties as occurring on Tuesday, July 3. Any evidence as to his whereabouts on July 6, therefore, was entirely immaterial. It is not necessary that an affidavit fix with exactness the hour or day upon which a violation of the order occurs.

At the hearing upon a charge of contempt, the party charged has the right to have the witnesses called against him fix the time and the place of the occurrence with particularity in order that he may introduce evidence that he was not then present at the scene, for unless the time is fixed with reasonable exactitude he would be deprived of that opportunity; but it is not necessary that the charging affidavit so fix that time. (*Selowsky* v. *Superior Court of Napa County*, 180 Cal. 404, 407 [181 P. 652]; Pen. Code, § 955.)

Petitioner cites, in support of his contention, the case of *People* v. *Morris*, 3 Cal.App. 1, 10 [84 P. 463]. That case, however, is clearly distinguishable from the case at bar. There the defendant was charged with the crime of statutory rape. The information charged the criminal act as having taken place on December 25, 1903. The evidence produced by the prosecution fixed the time that the act took place at 4 p.m. on that day. The defendant produced several witnesses who testified that the defendant was at another place than that where the act was alleged to have occurred from half past 2 until nearly 6 o'clock on that day. The court instructed the jury that it was only necessary that they believe from the evidence to a moral certainty, and beyond a reasonable doubt, that the defendant committed the act on the date charged in the information. The court held that this instruction was erroneous inasmuch as the evidence offered by the People had fixed the time of the offense at a certain hour of the day in question and that therefore the instruction in effect deprived the defendant of the right to introduce evidence to establish an alibi which might create, in the minds of the jury, a reasonable doubt as to his guilt.

In the present case, the defendant having admitted that the occurrence which the court found constituted a violation of its order took place upon the 3d of July, any evidence as to his whereabouts on another day had no materiality whatsoever. (See *People* v. *Ralls*, 21 Cal.App.2d 674, 678 [70 P.2d 265].)

The writ is discharged and petitioner is remanded to the custody of the sheriff of Los Angeles County.

White, P. J., and Fourt, J., concurred.