[Crim. No. 771.   Department One.—December 20, 1901.]

THE PEOPLE, Respondent, *v.* JOE TOTMAN, Appellant.

CRIMINAL LAW—RAPE—FEMALE CHILD—INFORMATION.—An information charging the defendant with the crime of rape, committed by having criminal sexual and carnal intercourse, at a time specified, with a female named, described as "a female child under the age of sixteen years,—to wit, of the age of thirteen years," sufficiently shows that the prosecutrix was under the age of sixteen at the time of the alleged criminal intercourse.

ID.—REFUSAL OF CONTINUANCE—DISCRETION OF COURT—REVIEW UPON APPEAL.—The application of the defendant for a continuance is addressed largely to the discretion of the trial court, and where the court refused a continuance, its decision will not be disturbed upon appeal, if the appellate court cannot say, in view of the facts and circumstances disclosed by the record, that the court below abused its discretion.

ID.—IMPEACHMENT OF PROSECUTRIX—TESTIMONY RULED OUT—ERROR NOT APPEARING.—The refusal of the court to allow defendant's counsel to read certain testimony taken at the preliminary examination, for the purpose of contradicting the prosecutrix, is not shown to be error, where such counsel did not point out to the court wherein it contradicted the witness.

ID.—INSTRUCTION—FORCE OR CONSENT IMMATERIAL—PROVINCE OF JURY. —An instruction to the effect that it is immaterial whether a girl under sixteen years of age consented or resisted, and that neither the element of force nor the question of consent has any application, "that the prosecutrix could not consent, and the law resists for her," is proper, and does not invade the province of the jury.

ID.—INSTRUCTIONS AS TO ADMISSIONS AND TESTIMONY OF DEFENDANT.— The court may properly instruct the jury in relation to statements or admissions of the defendant, and in reference to the weight to be given to the testimony of the defendant in his own behalf.

ID.—ERRONEOUS REQUESTS—PROVINCE OF JURY—STATEMENT BY PROSE-CUTRIX—OUTCRIES—APPEARANCE AND CONDUCT.—Requests by the defendant for instructions involving matters of fact, as to whether a statement by the prosecutrix as to her condition was an admission or a confession, and that the jury shall consider the testimony as to whether the prosecutrix made an outcry, or whether she was changed in appearance, or appeared to be nervous, invade the province of the jury, and were properly refused.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial.   H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Frank H. Short, and S. J. Hinds, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

VAN DYKE, J.—Defendant was accused by information with the crime of rape. He demurred to the information, which demurrer was overruled. He was thereafter tried and convicted. Thereupon he moved for a new trial, which motion was denied, also a motion in arrest of judgment. From the final judgment and from the order overruling his motion for a new trial this appeal is prosecuted.

The rape was alleged to have been committed on June 26, 1900, upon Augusta E. Moullen, an orphan, fourteen years of age, residing on a ranch in Fresno County with her aunt and the defendant, who was her uncle.

The appellant claims that the demurrer should have been sustained, for the reason that the information failed to state that at the time of the alleged criminal intercourse with the prosecutrix she was under the age of sixteen years. The information charges: "That the said Joe Totman, on or about the twenty-sixth day of June, . . . and prior to the filing of this information, did . . . have sexual and carnal intercourse with one Augusta E. Moullen, a female child under the age of sixteen years,—to wit, of the age of thirteen years." This language is sufficiently clear to indicate that the prosecutrix was under the age of sixteen.

It is contended by appellant that the court erred in not granting defendant's motion for a continuance. Necessarily, the trial court is allowed much discretion in the matter of granting or refusing such motions. The code reads as follows: "When an action is called for trial, or at any time previous thereto, the court may, upon sufficient cause, direct the trial to be postponed to another day." (Pen. Code, sec. 1052.) In People v. Gaunt, 23 Cal. 157, it is said by this court: "Applications for the postponement of a trial are addressed largely to the discretion of the trial court, and its decision upon such motion will not be disturbed on appeal, unless there has been a gross abuse of discretion." Under the circumstances disclosed by the record in this case, we cannot say that the court below

abused its discretion in denying the motion for a continuance.

Appellant complains that the court refused to allow his counsel to read certain testimony taken at the preliminary examination for the purpose of contradicting the prosecutrix. If the testimony ruled out tended in any respect to contradict the witness, it was the duty of counsel to point out wherein it did so, which he failed to do; and in the absence of such designation, for the purpose of enlightening the court on the matter, it cannot be said that an error was committed in refusing to allow the question to be answered.

It is claimed that the following instruction invades the province of the jury: "You are further instructed that it is the policy of our law, as expressed in the statutes, that any female under the age of sixteen years shall be incapable of consenting to the act of such intercourse, and that any one committing the act with a girl within that age shall be guilty of rape, notwithstanding he obtained her actual consent, and whether the girl in fact consented or resisted is immaterial in this case. In the present case, neither the element of force nor the question of consent has any application. The prosecutrix could not consent, and the law resists for her." In *People v. Roach*, 129 Cal. 33, a similar prosecution of a defendant accused of an assault with intent to commit rape upon a girl under the age of legal consent, it is said, "neither the element of force nor the question of consent has any application. The prosecutrix could not consent, and the law resists for her." The court did not err in giving the instruction complained of in reference to the statements or admissions testified to by the witnesses having been made by the defendant, nor in reference to the weight to be given defendant's testimony as a witness in his own behalf. The refusal to give the following instruction, asked by the defendant, is assigned as error: "An admission or a confession, if made by the prosecutrix herein, that she had been guilty of an act of sexual intercourse is not in law such a complaint as should be considered by the jury as in any wise corroborating her testimony in any particular." The testimony shows that the girl was asked by a lady as to her condition, and at once told her the same. It could not be assumed by the court that this answer on the part of the prosecutrix was either an admission or a confession. To do so

would be to pass upon a matter of fact. Whether telling the lady her condition upon being asked was a complaint or an admission or confession was a matter solely for the jury to determine, under all the circumstances and surrounding conditions. It was not error on the part of the court to refuse the instruction asked by defendant, that the jury could consider the testimony as to whether the prosecutrix made an outcry, or whether she was changed in appearance or in conduct, or appeared to be nervous, etc. In reference to a similar instruction asked, this court, in *People* v. *Lee*, 119 Cal. 86, says: "But in no case should such an instruction be given. It would have been a clear invasion of the province of the jury, and such interference is forbidden in this state. The court may be called upon under some circumstances to say whether there is or is not any evidence tending to prove an essential fact, but the court should never do this to aid the jury in determining a controverted issue of fact, or when it is open to reasonable dispute as to whether such evidence does tend to prove the alleged fact. These are questions as to the effect and value of evidence, and when they are or may be matters of reasonable controversy, they are exclusively for the jury."

There was no error in not giving the other instructions asked by defendant, and for the refusal to give which he complains. The instructions as given, taken as a whole, are fair, and as favorable to the defendant as could well be asked.

The court did not err in refusing to grant a new trial.

Judgment and order appealed from affirmed.

Garoutte, J., and Harrison, J., concurred.