[Crim. No. 151.   Second Appellate District.—December 9, 1909.]

## Ex Parte THOMAS L. HAYDEN, on Habeas Corpus.

HABEAS CORPUS—PLEA OF GUILTY TO CHARGE OF VAGRANCY.—A defendant who has pleaded guilty under a complaint charging him with the crime of vagrancy, in that, being known to be a confidence operator by his own confession, and having no visible means of support, he was found willfully and unlawfully loitering about and around a broker's office,. and which states a public offense in the language of section 647 of the Penal Code, is not entitled to be discharged upon *habeas corpus.*

ID.—MEANING OF TERM "CONFIDENCE OPERATOR."—The term "confidence operator" used in the statute has a settled meaning, and implies that the person so designated is engaged in swindling operations in which advantage is taken of confidence reposed by the victim in the swindler.

ID.—POLICE POWER OF LEGISLATURE.—Persons who are "confidence operators" are a menace to society; and the police power is broad enough to warrant legislation looking toward their suppression. It is certainly within .the legislative power to provide that one having no visible means of support, and who admits that he is a swindler and is found lounging about places of public assemblage, thereby becomes a vagrant.

ID.—VALID ENACTMENT IN PENAL CODE.—There is nothing in the enactment of the Penal Code under which the charge of vagrancy was made in anywise abridging privileges or immunities of citizens, nor doing or seeking to do aught than to protect well-disposed and orderly citizens from the depredations of the idle and vicious.

ID.—STATUTE NOT MAKING CONFESSION OF CALLING AN OFFENSE.—The statute does not make confession of the calling an offense, nor justify a conviction alone on that ground. It simply makes the admission of the truth of one of the elements of the offense sufficient to establish that element as to the defendant's status.

ID.—EFFECT OF PLEA OF GUILTY.—The plea of guilty entered by the defendant includes the admission of every element constituting the offense of vagrancy as defined in the Penal Code.

ID.—QUESTION OF CORPUS DELICTI NOT INVOLVED.—Though the *corpus delicti* of an offense cannot be established by any mere confession, yet the plea of guilty in this case removes that question from consideration.

PETITION for writ of *habeas corpus.*

The facts are stated in the opinion of the court.

Hugh J. Crawford, for Petitioner.

J. D. Fredericks, District Attorney of Los Angeles County, and Arthur L. Veitch, Deputy District Attorney, for Respondent.

THE COURT.—The petitioner was arrested upon a complaint charging him with the crime of vagrancy, in that, being known to be a confidence operator by his own confession and having no visible or lawful means of support, he was found willfully and unlawfully loitering about and around a broker's office. He entered a plea of guilty and was accordingly sentenced to imprisonment, from which by this writ he seeks relief. The affidavit of complaint charges the offense in the language of the statute. (Pen. Code, sec. 647.)

It is claimed upon the part of petitioner that being a confidence operator is not made an offense under our Penal Code, and, therefore, a confession in relation thereto cannot be made an offense. The term "confidence operator" has a settled and fixed meaning in our language, and implies that the one to whom it applies is one engaged in swindling operations in which advantage is taken of confidence reposed by the victim in the swindler. That such persons are a menace to the safety of the public must be unquestioned, and that the police power is broad enough to warrant legislation looking toward their suppression should be conceded. It is certainly within the legislative power to provide that one having no visible means of support and who admits that he is a swindler and is found lounging about places of public assemblage thereby becomes a vagrant. We see nothing in the enactment of the section of the Penal Code referred to in any wise abridging privileges or immunities of citizens, nor doing or seeking to do aught than to protect well-disposed and orderly citizens from the depredations of the idle and vicious.

It is further insisted that the statute makes the confession the offense and not the act of the party, and that the record discloses a judgment pronounced without proof of the *corpus delicti* otherwise than by the confession of the accused. We do not interpret the section in the manner above stated. It undertakes to and does define vagrancy and the various acts

or omissions forming its constituent elements. It is the confidence operator against whom the subdivision of the section is directed. The term "confession" is restricted to acknowledgment of guilt, and is not the equivalent of "statement" or "declaration." (*People* v. *Strong*, 30 Cal. 156.) The section referred to does not justify the conviction, or declare the offense to be established, by the confession of the party, but does declare that his admission of the truth of one of the elements entering into the offense, to wit, his calling, is sufficient to establish that element. Thus, where there is an "admission of a fact, or a bundle of facts, from which guilt is directly deducible, or which within and of themselves import guilt, it may be denominated a confession, but not so with the admission of a particular act or acts or circumstances which may or may not involve guilt, and which is dependent for such result upon other acts or circumstances to be established." (*State* v. *Porter*, 32 Or. 135, [49 Pac. 964].) It is manifest that the word "confession" as used in the section has reference to an admission or declaration as to the party's status as distinguished from a confession of his guilt of a particular crime. When presented for trial the subject matter of the inquiry is as to his calling, his idle loitering, the absence of visible means of support. If the illegitimate character of his calling is established, either by proof of former conviction or by his own admission, that element is established. The plea of guilty entered by him comprehends more than the mere fact that he has admitted the character of his calling, and goes to the extent of a plea of guilty to all of the elements entering into the offense. We do not desire to be understood as saying that one may be convicted upon his confession alone without other proof of the *corpus delicti*. The plea of guilty in this case removes from consideration such question.

Writ denied and prisoner remanded.