[Crim. No. 3433. Second Dist., Div. Two.—May 12, 1941.]

THE PEOPLE, Respondent, v. MARTIN SPARKS, Appellant.

Sydney M. Williams and Monte E. Livingston for Appellant.

Earl Warren, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

WOOD, Acting P. J.—Appellant and Fred Coman were accused in an indictment of the crime of burglary. The charge was dismissed as to defendant Coman on motion of the district attorney in order that he could be a witness for the prosecution. At a trial before the court without a jury appellant was found guilty. This appeal is prosecuted from the judgment of conviction and from the order denying a motion for a new trial.

For a number of years appellant was employed by Sears, Roebuck & Company as a salesman in the sporting goods de-

partment of their Hollywood store. He devised a scheme whereby he procured other persons to enter the store and obtain goods from him for far less than their regular price and appropriated the money so received to his own use. As an additional inducement he permitted the so-called purchasers to obtain free of charge a number of articles such as shotgun shells. The "purchasers" obtained the goods when the department manager was absent and appellant did not ring up the sales on the cash register or give receipts. After his arrest he admitted to one of the officials of the company that he had "taken about $500 a month" in this manner. One of the parties taking part in this scheme was defendant Coman, who stated that he had received during the year before appellant's arrest goods free of charge of the value of about $200. On August 19, 1940, Coman entered the store to secure a gun for which he had arranged with appellant by telephone. The conversation over the telephone had been heard by a store detective, who followed Coman from the store and discovered that no receipt had been placed in the package which Coman was removing.

It is now contended by appellant that the evidence is insufficient to establish the crime of burglary. Section 459 of the Penal Code provides that every person who enters a shop with intent to commit theft or any felony is guilty of burglary. It is argued that since appellant was employed in the store as a salesman he did not enter with intent to steal; and that Coman, if guilty of any crime, was guilty of the crime of receiving stolen property.

From the evidence presented the court could readily and reasonably conclude that appellant had devised a plan to steal the property of his employer, which plan involved the entry into the store by other persons for the purpose of taking delivery of the employer's property; that one of these persons, defendant Coman, was induced by appellant to enter the store for the express purpose of aiding and abetting appellant in consummating the scheme of defrauding the employer; and that Coman knew when he entered the store that he was aiding and abetting appellant in his felonious scheme. It is provided in section 31 of the Penal Code that all persons concerned in the commission of a crime by aiding and abetting in its commission are principals in the crime. When Coman entered the store he did so with intent to aid and abet appellant in the

commission of the crime of theft. His entry therefore was with the intent required to be shown in order to establish the crime of burglary. Since appellant and Coman were both principals in the nefarious scheme, the felonious entry of Coman was imputable to appellant. The principle is illustrated in 9 C. J. 1016, section 18: "If a servant or other person in a house opens the door for the purpose of letting in a confederate, and the latter enters with intent to commit a felony, there is a constructive breaking, and both are guilty of burglary."

 Appellant complains that the court erred in permitting the prosecution to ask leading questions of the witness Coman. On direct examination leading questions may be asked in the discretion of the court when it appears that the interests of justice so require. (Code Civ. Proc., sec. 2046.) We find no abuse of discretion in the ruling of the court permitting the asking of leading questions.

The judgment and the order denying the motion for a new trial are affirmed.

McComb, J., concurred.