[Crim. No. 883.    Fourth Dist.    Apr. 21, 1954.]

THE PEOPLE, Respondent, v. ROY H. BECHTEL, Appellant.

Roy H. Bechtel, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant was charged with the offense of feloniously issuing a check upon a bank in favor of Lloyd Miller, without sufficient funds or credit with said bank to meet the check.

At the preliminary hearing counsel was appointed to represent the defendant. After a preliminary examination defendant was held to answer and the same counsel then represented him in the superior court. On arraignment on the information, defendant, both in person and through his counsel, entered a plea of guilty to the charge. Time was set for hearing defendant's application for probation and to pronounce sentence. A full hearing was had on the probation officer's report. It showed that defendant had been previously "picked up on suspicion of forgery" and later discharged, that he was convicted of drunk driving, and was given two

years' probation in that same court a short time before committing the offense here charged. Defendant's counsel conceded the report to be factually correct. Defendant was committed to state's prison. In propria persona, he filed a notice of appeal. Thereafter he filed in this court a document entitled: "Facts Supporting Appeal," reciting that he had a previous "working agreement" with the store where the check was cashed, to hold it until some funds were placed in the bank to meet it; that because defendant was arrested before he had a chance to "pick up" the check, he had no opportunity to place money in the account to meet the check when presented for payment; that since he signed his right name and address on the check, that fact, in itself indicated there was no evidence of intent on his part to defraud; that he entered a plea of guilty because he was informed by someone that he would not "do over 30 days or 60 days at the most"; and accordingly he wishes this court to reconsider the case and let him know "shortly how I made out."

We have thoroughly examined and studied the files lodged with this court in connection with defendant's plea of guilty, and it appears that the trial judge fully considered defendant's application for probation and the facts there presented. Nothing has been here presented that was not before the trial judge for his consideration at the time.

■ A plea of guilty includes an admission of every element entering into the offense charged and does not raise any issue of fact. (*Ex parte Hayden*, 12 Cal.App. 145 [106 P. 893]; *People* v. *Tucker*, 115 Cal. 337 [47 P. 111].)

The defendant was represented by able counsel at the hearing and if defendant had satisfied his counsel or the court that his plea of guilty should have been withdrawn and a plea of not guilty entered, for the reasons now indicated, no doubt the court would have granted his request. (*People* v. *Bostic*, 167 Cal. 754 [141 P. 380].)

■ The mere fact that the defendant, knowing his rights and the consequences of his act, entered a plea of guilty under the hope of leniency presents no ground for the exercise of discretion by this court. (*People* v. *Dabner*, 153 Cal. 398 [95 P. 880].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.