[Crim. No. 963.   Fourth Dist.   Apr. 27, 1954.]

THE PEOPLE, Respondent, v. JOHN A. JACKSON, Appellant.

Lloyd S. Verry for Appellant.

Edmund G. Brown, Attorney General, and James D. Leobl, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was found guilty by a jury of the crime of statutory rape in violation of section 261, subdivision 1, of the Penal Code as charged in an information

filed by the district attorney of Orange County. In the first count of the information the offense was alleged to have been committed on or about January 15, 1953, with one Barbara Jean Kelly, then under the age of 18 years, and in the second count defendant was charged with the commission of the same offense with Barbara Jean Kelly on or about April 15, 1953. A motion for a new trial was made and denied and defendant was sentenced to the Orange County jail in accordance with the recommendation of the jury.

Barbara Jean Kelly was 16 years of age at the time the offenses were committed and lived in Anaheim, California. She was a ''baby sitter'' in the home of defendant for a period of almost four years, sitting with defendant's three small boys.

Barbara testified that defendant had sexual intercourse with her on or about the dates specified in the information; that the first act took place in the bedroom of defendant's home and the second one took place in defendant's automobile; that she had sexual relations with defendant approximately 20 times and that the first time was around January 15, 1953; that on this occasion Mrs. Jackson was not at home and the act took place at approximately 9 or 10 o'clock in the evening; that she had dinner with defendant and the three children and, with defendant's help, did the dishes, picked up the children's clothing and cleaned the bathroom; that she then went into the bedroom and had sexual intercourse with the defendant; that the second alleged act took place around 11:30 o'clock or midnight in defendant's car after they had returned from a ride.

Defendant testified on his own behalf at the trial and admitted having written letters to Barbara Jean Kelly, which letters were found in the Kelly home and were read to the jury. In them defendant expressed his love for Miss Kelly, his intention to marry her and to share his bed with her. He admitted that occasionally he had taken her out in his car at night, alone, but denied that he had had sexual intercourse with her.

A reversal of the judgment is sought herein on the ground that the trial court erred in allowing leading questions on direct examination; that there is insufficient evidence to sustain the verdicts; that the court erred in ruling on the admission of evidence, in taking over the examination of the complaining witness, and in remarks made concerning her testimony.

■ The record shows that the questions objected to by the appellant were asked by the trial judge and the deputy district attorney in relation to the particulars of the acts of sexual intercourse charged and were proper in the interests of justice (*People* v. *Sparks,* 44 Cal.App.2d 748, 750 [112 P.2d 974]), and to lead the witness more quickly to matters which were material to the issues. (*People* v. *Orona,* 79 Cal. App.2d 820, 827 [180 P.2d 694].) Suggestive questions asked the prosecutrix in a rape case to remove ambiguity from the expressions used were held to be proper in *People* v. *Murphy,* 53 Cal.App. 474, 482 [200 P. 484]. In *People* v. *Van Wyke,* 91 Cal.App.2d 839, 844 [206 P.2d 53], it was held that it is the duty of the trial judge to examine witnesses if he sees fit to do so, and if the examination is without prejudice to the rights of the parties. ■ During the cross-examination of the prosecutrix the trial court stated to her "I know it is difficult, but counsel has the right to inquire on those things. Just answer the question as best you can. You are doing a very good job, just keep it up." It clearly appears that these remarks of the trial judge were made for the purpose of ascertaining the facts and not to indicate a belief in the defendant's guilt, as contended by appellant. There was no abuse of discretion shown and no reversible error in the questioning of the prosecutrix or in the remarks made to her by the trial court.

■ There is ample and substantial evidence to support the verdicts and conviction of the defendant. The prosecuting witness gave positive testimony as to the acts of sexual intercourse with the defendant. (*People* v. *Conterno,* 51 Cal.App. 2d 167, 168 [124 P.2d 610]; *People* v. *Harlan,* 133 Cal. 16, 19 [65 P. 9].) While she was not positive as to the exact dates on which the offenses occurred, she testified they occurred on or about the dates charged in the information and with sufficient certainty to support the verdict of the jury in that respect.

■ Defendant contends that certain letters found in the home of the prosecuting witness were improperly admitted in evidence. This contention is without merit. There was proof that the letters were in the defendant's handwriting and he admitted having written them to the prosecutrix.

The judgment and order are affirmed.

Barnard, P. J., and Griffin, J., concurred.