[Crim. No. 3266.  First Dist., Div. Two.  May 6, 1957.]

THE PEOPLE, Respondent, v. RAYMOND H. JEHL, Appellant.

666

Raymond G. Callaghan and Peter Anello for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

DRAPER, J.—Defendant was charged by indictment with four felony counts, as follows:

1. Conspiracy with Sam Miano to violate section 67 of the Penal Code (giving or offering bribes to executive officers).

2. Conspiracy with Sam Miano to violate section 518 of the Penal Code (extortion).

3. Conspiracy with Bartolme Losada to violate section 330 of the Penal Code (gaming).

4. Conspiracy with Meredith Nice to violate section 330 of the Penal Code (gaming).

A jury found him guilty on all four counts and he was sentenced to prison, the terms to run concurrently. He appeals.

The action against Miano (counts 1 and 2) was dismissed under Penal Code, section 1099, and he became a principal witness for the prosecution. The first two counts are related. That charging extortion concerns establishment of a protection racket involving operation of pinball machines in Santa

Cruz County. The bribery count involves amounts paid by Miano to appellant in connection with the protection racket. There is evidence involving Charles L. Moore, Jr., then District Attorney of Santa Cruz County, although it is not contended that any bribe was actually accepted by him.

Miano, an operator of pinball machines, testified that appellant told him that there was a new district attorney, that Miano's machines were illegal, that he would have to pay for the right to continue in operation, and that he should secure specified amounts from Moncovich, Riggs and Cooper, other pinball operators, and pay to appellant the total, $4,000. Miano paid this sum to appellant and attempted, by threats made both by himself and appellant, to force the others to contribute. These occurrences, extending over a period of months, were punctuated by occasional seizing of machines and by inspections of machines by the district attorney or his employees. Riggs and Moncovich refused to make any payment for protection.

Appellant does not deny that the testimony of Miano, if believed, shows conspiracy to bribe and to extort. He does contend that there is insufficient corroboration of this testimony. ■ Clearly, Miano was an accomplice. As such, his uncorroborated testimony will not support the conviction. The testimony of Riggs and Moncovich amply corroborates that of Miano. Appellant does not controvert this view, but argues that they, too, are accomplices. ■ The testimony of one accomplice cannot serve to corroborate that of another (*People v. Clapp*, 24 Cal.2d 835 [151 P.2d 237]). Thus the question is whether Riggs and Moncovich were accomplices. An accomplice is "one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given" (Pen. Code, § 1111). ■ Of course, if Riggs and Moncovich knowingly aided or promoted the conspiracy, they are principals, and thus accomplices (Pen. Code, §§ 971, 31; *People v. Goldstein*, 146 Cal.App.2d 268 [303 P.2d 892]). It seems apparent, however, that Riggs and Moncovich were not accomplices. They refused to pay bribes or to submit to extortion. They were intended victims of the conspiracy, not participants, however remotely, in it. But even if there be merit to appellant's contention that there is a basis for inference that these witnesses were accomplices, it cannot avail him here. ■ At most, his argument is that the evidence is conflicting upon this issue. In such a case, the issue is for determination by

the jury upon proper instructions (*People* v. *Goldstein, supra*; *People* v. *King*, 30 Cal.App.2d 185 [85 P.2d 928]). ██ Appellant does not challenge the instructions nor has he brought them before this court. We must assume their adequacy (*People* v. *Jackson*, 88 Cal.App.2d 747 [199 P.2d 322]).

██ Count 3 deals with conspiracy with Losada to open and operate a gambling house near Davenport. Appellant supplied $1,500 for the operation, and was to receive one-third of the profits. The principal witnesses were Losada, the named co-conspirator, and Tabasa. Both were accomplices and here, again, appellant contends that corroboration is lacking. But Miano, who was not an accomplice as to the gambling operation, gave testimony subject to the construction that appellant had admitted to him his interest in this establishment. Also, there is testimony that Moore told Jehl of a proposed raid by the sheriff upon this establishment, and that it was closed before the raid occurred. Also, there was evidence of telephone calls and of other incidents which could amount to sufficient corroboration. ██ Again, in the absence of any attack on the instructions, we must assume that the issue of corroboration as to this count was properly submitted to the jury and decided against appellant. ██ The weight of the corroborative evidence is for the jury (*People* v. *Trujillo*, 32 Cal.2d 105, 112 [194 P.2d 681]).

██ Appellant rented the garage of his home to Nice and Fine, at an extremely high rental, for the gambling operation charged in count 4. The testimony of these lessees establishes the conspiracy, but they were accomplices. Appellant himself testified that he rented the garage to another for operation as a cardroom, and that appellant agreed to furnish the labor for alteration of the garage for this purpose. He also admitted that the material for this alteration was bought by and invoiced to Nice, but that appellant, for purposes of trial, procured an invoice naming him, rather than Nice, as buyer. These are circumstances which the jury could well have found to be sufficient corroboration.

██ Appellant complains that, after impaneling of the jury, but before any witness was called, the court on its own motion dismissed juror Hawk and seated an alternate juror in his place. All the contentions in this regard, including claimed inadequacy of the grounds for the court's action and the absence of appellant from chambers at the time of examination of the dismissed juror, have been decided adversely to appellant in *People* v. *Abbott*, 47 Cal.2d 362, 370-372 [303

P.2d 730]. This decision, filed after appellant's brief herein, is determinative.

Appellant also asserts misconduct of the prosecuting attorney in examination of witnesses. Many of the points now raised were not made the subject of objection at trial. When requested, and occasionally when not, the court admonished the jury that the statements of counsel are not evidence, and are to be disregarded. While we do not commend the conduct of the prosecution in all the instances cited by appellant, we cannot, upon the whole record, find that they prejudiced appellant (*People* v. *Watson*, 46 Cal.2d 818, 834, et seq. [299 P.2d 243]; *People* v. *Coakley*, 108 Cal.App.2d 223 [238 P.2d 633]).

It is contended that the court erred in permitting the prosecution to ask leading questions of District Attorney Moore. The trial court has broad discretion in permitting leading questions (Code Civ. Proc., § 2046; *People* v. *Mason*, 86 Cal.App.2d 445, 455 [195 P.2d 60]). Where the witness is hostile, there is but little danger in leading questions, as the witness is unlikely to follow the suggested lead (*People* v. *Bliss*, 41 Cal.App. 65, 71 [182 P. 63]).

Appellant also objects that the prosecuting attorney was permitted to "impeach" Moore. But the questioning in fact was an attempt to refresh the witness' recollection by inconsistent statements made by him. Such examination is allowed (Code Civ. Proc., §§ 2049, 2052) when there is surprise (*People* v. *Spinosa*, 115 Cal.App.2d 659, 668 [252 P.2d 409]). Here the prosecutor claimed surprise, and the circumstances rather clearly showed it. Also, there was a clear showing of the hostility of the witness, Moore. This witness was held in contempt for calling the prosecutor a liar. Under all the circumstances, we cannot hold the examination of Moore so prejudicial as to require reversal.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.