THE PEOPLE, Respondent, v. RAYMOND ERNEST
JOHNS, Appellant.

[Three Cases.]

Raymond Ernest Johns, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

WHITE, P. J.—This appeal involves three cases. In the first, numbered 6559, the district attorney of Los Angeles County filed an information wherein defendant was accused of the crime of assault with intent to commit murder (Pen. Code, § 217) upon the person of Mildred Louise Johns on June 28, 1958. Subsequently, an amended information was filed, charging a second count of assault by means of force likely to produce great bodily injury (Pen. Code, § 245). On August 28, 1958, defendant appeared in court, accompanied by his counsel, and pleaded guilty to Count II of the amended information (Pen. Code, § 245). Count I (Pen. Code, § 217) was dismissed. On his plea of guilty as to Count II, defendant was sentenced to state prison. From this judgment defendant appeals.

CASE NUMBER 6560

In this case, by information filed by the district attorney of Los Angeles County, defendant was accused of statutory rape (Pen. Code, § 261, subd. 1), allegedly committed about June 15, 1958, upon the person of a female of the age of 15 years. To this charge defendant entered a plea of not guilty. When

defendant, represented by counsel, appeared for trial, a jury trial was duly waived, and by stipulation, the cause was submitted on the transcript of the evidence adduced at the preliminary examination. Defendant was adjudged guilty. He was sentenced to state prison, the sentence to run concurrently with other sentences pronounced against him. From such judgment of conviction, defendant filed notice of appeal.

## Case Number 6561

In this prosecution a complaint was filed in the Municipal Court of the Pasadena Judicial District on August 8, 1955, charging defendant with having committed lewd acts upon the person of an 8-year-old child, in violation of Penal Code, section 288. Three counts were filed for three separate offenses, allegedly committed on July 1, 1955, July 29, 1955, and June 15, 1955. On August 8, 1955, defendant was held to answer for a violation of section 702 of the Welfare and Institutions Code, a lesser offense than that charged in Count I, but necessarily included therein, and Counts II and III of the complaint were dismissed. He pleaded guilty to this charge on August 18, 1955, and was certified to the superior court for sentencing. A probation officer's report was ordered, as well as hearings under the Sexual Psychopathy Act. A psychiatric examination under section 5504 of the Welfare and Institutions Code was also ordered.

On December 14, 1955, defendant was sentenced to one year in the county jail, sentence was suspended and he was granted probation for three years, and ordered to serve the first six months in the county jail, as well as comply with the usual conditions of probation.

On October 2, 1958, defendant's probation was revoked and he was given a county jail sentence of six months, to run concurrently with the other sentences imposed upon him. On October 14, 1958, defendant filed a notice of appeal from the order revoking probation.

By reason of the fact that defendant pleaded guilty to a violation of section 245 of the Penal Code in case Number 6559, and because, in case Number 6561, defendant has appealed from an order revoking probation, a reporter's transcript has been brought here only in case Number 6560. We shall therefore, first give consideration to the appeals in cases numbered 6559 and 6561.

As to case Number 6559, the record reveals that appellant was originally charged with assault with a deadly weapon

with intent to commit murder (Pen. Code, § 217); that subsequently, an amended information was filed which added Count II wherein appellant was accused of the crime of assault by means of force likely to produce great bodily injury (Pen. Code, § 245). The record further shows that in open court, with counsel of his own choosing present, appellant himself pleaded guilty to Count II of the amended information, as required by section 1018 of the Penal Code. Thereupon Count I was dismissed. This plea of guilty was entered on August 28, 1958, and there is no indication in the record on appeal that any attempt was made to withdraw this plea, nor is there any indication in the record that appellant, represented as he was by counsel, was not aware of what was meant by a plea of guilty. Appellant urges that in this case, when he pleaded guilty, the corpus delicti was not established, and that he did not legally waive a trial by jury notwithstanding the fact that he pleaded guilty. Appellant relies upon the well established rule that a confession may not be introduced into evidence until sufficient proof of the corpus delicti has been offered (*People* v. *Davis*, 106 Cal.App. 179, 188 [289 P. 194]). He asserts that, ''in all criminal prosecutions the defendant must be confronted with the witness against him, and all allegations must be proven.'' He then argues that he was convicted of assault with a deadly weapon with intent to commit murder although ''no weapon was ever produced in court against the appellant.'' However, as heretofore pointed out, this charge, contained in Count I of the amended information was dismissed. As to his claim that no corpus delicti was proved as to Count II, to which he pleaded guilty, and that his plea was therefore illegally received, appellant is in error. ■ A plea of guilty amounts to more than an out-of-court confession. Such a plea is an admission of every element of the offense to which the plea is entered, and amounts to a conclusive admission of the guilt of the accused. ■ A plea of guilty being a conclusive admission of guilt, raises no issue of fact and hence proof of the corpus delicti is unnecessary. (*People* v. *Ottenstror*, 127 Cal.App.2d 104, 109 [273 P.2d 289]; *People* v. *Brown*, 140 Cal.App. 616, 619 [36 P.2d 194]). ■ A valid judgment may, therefore, be pronounced on the basis of a plea of guilty (*People* v. *Hickman*, 204 Cal. 470, 476 [268 P. 909, 270 P. 1117]; *People* v. *Cooper*, 123 Cal. App.2d 353, 356 [266 P.2d 566]; *People* v. *Bechtel*, 124 Cal. App.2d 659, 660 [268 P.2d 1072]; *People* v. *Wilkins*, 169 Cal. App.2d 27, 34 [336 P.2d 540]).

Appellant's contention that in this case, and in case Number 6561, in both of which he pleaded guilty, he ". . . could not have waived his rights to trial by jury, because of the fact that appellant could not read or write" is wholly without merit. In passing it might be noted that the brief prepared by appellant in the instant cases together with his notices of appeal, apparently in his own handwriting, would seem to belie appellant's present contention as to illiteracy or inability to read or write. However, in cases numbered 6559 and 6561, wherein appellant pleaded guilty, no such waiver of jury is required. The cases of *People* v. *Wilkerson*, 99 Cal. App. 123, 127 [278 P. 466], and *People* v. *Benjamin*, 140 Cal. App.2d 703 [295 P.2d 477], relied upon by appellant, simply hold that when there is to be a trial, the accused is entitled to one by jury unless he personally waives that right in open court. Manifestly, these and other cases in accord therewith, presuppose that there will be a trial. But, such is not the case in the instant proceedings wherein appellant pleaded guilty and no trial was necessary. The very purpose of a trial is to dispose of issues of fact and a plea of guilty not only disposes of but forecloses any such issues (*People* v. *Brown, supra*). Implicit in a plea of guilty is a waiver of trial by either judge or jury. Penal Code, section 1041, specifies how an issue of fact arises and section 1042 sets forth how it shall be tried. Since a plea of guilty does not raise an issue of fact, a trial provided for by section 1042 becomes unnecessary (*People* v. *Palmer*, 49 Cal.App.2d 567, 575 [122 P.2d 109]).

In case Number 6561, in which he was originally placed on probation, later revoked, appellant appears to seek a reversal of the order revoking his probation because the formalities of a trial were not present when such revocation was ordered. In this contention appellant cannot be sustained.

There is no inherent right to a hearing preceding an order revoking probation, and an order granting probation may be revoked on the report of the probation officer alone (*In re Levi*, 39 Cal.2d 41, 44 [244 P.2d 403]). Proof beyond a reasonable doubt is not a prerequisite to an order revoking probation (*In re Young*, 121 Cal.App. 711, 713 [10 P.2d 154]). When it is shown that a probationer is engaging in criminal activities, probation may be revoked (*People* v. *Martin*, 58 Cal.App.2d 677 [137 P.2d 468]). In the case now engaging our attention, appellant's plea of guilty in the assault case and his conviction in the rape case (No. 6560), hereafter to be discussed, justified revocation of proba-

44

tion previously granted, on the ground of appellant's continued criminal activities (*People* v. *Wilkins, supra*, p. 34).

In case Number 6561, a complaint was filed against appellant in the Municipal Court of Pasadena Judicial District, wherein he was charged in three counts with a violation of section 288 of the Penal Code. The record herein reveals that on August 18, 1955, in said municipal court with appellant and his counsel, together with the district attorney present, the following proceedings were had:

"Whereupon, with my consent and with the consent of Deputy District Attorney Robert Charles Lutz, and while his attorney was still present in Court with him, the said Defendant pleaded guilty to the offense of contributing to the delinquency of a minor (a high misdemeanor), in violation of Section 702 of the Welfare and Institutions Code of the State of California (a lesser and included offense contained in the original complaint; i.e., violation of Section 288 of the Penal Code of the State of California).

"Counts II & III dismissed on motion of People. Bail heretofore posted to remain in effect and defendant Ordered to appear in Dept. 'A' Pasadena of the Superior Court in and for said County of Los Angeles at 9:30 A.M., on September 7, 1955, and the herein case was and hereby is certified to the Superior Court in and for the said County of Los Angeles for sentence."

Appellant now complains that this procedure was illegal and that he was entitled to a trial in the superior court. This contention is unavailing. While it is true that violation of section 702 of the Welfare and Institutions Code is classified as a misdemeanor, there is provision made for trying cases arising under it in the superior court (*Andrews* v. *Superior Court of San Joaquin County*, 29 Cal.2d 208 [174 P.2d 313]). However, the plea and all other initial steps may be taken in the municipal court. Such was the procedure followed in the instant case. Upon appellant's plea of guilty in the lower court, the cause was certified to the superior court for further proceedings and sentence. Furthermore, appellant cannot now be heard to complain as to the merits of the cause since he pleaded guilty and accepted probation (*People* v. *Wilkins, supra*, p. 34).

We come now to a consideration of the appeal in case Number 6560 wherein appellant was charged with statutory rape. We have heretofore recited the proceedings had in this case at the trial thereof in superior court. As to the factual

background of this prosecution the record shows that the complaining witness, 15 years of age and not married to appellant, testified that she had engaged in an act of sexual intercourse with appellant on or about the 15th of June, 1958. This took place in the living room of a house on McKinley Street, near Vernon and McKinley.

The victim's mother, Corine Cruse, testified that her daughter was 15 years of age.

The defendant did not take the witness stand to testify on his own behalf and presented no witnesses.

As grounds for a reversal in this case appellant urges first that, "The record shows no evidence of a trial in Superior Court, the only evidence it tends to show is the Records of a Preliminary Hearing. And this is to only bind the appellant over to the Superior Court for a trial." He insists that since all that was shown in the superior court was what took place at the preliminary examination, "this conviction is illegal, you can not find one guilty without a trial," since, as appellant argues, a different degree of proof is required for conviction in the superior court than is required to hold an accused to answer at a preliminary hearing. Appellant completely misunderstands what took place in the superior court. By stipulation of appellant's counsel and the district attorney, the court was permitted to consider the testimony adduced at the preliminary examination, and to consider the same as if all of the witnesses who testified at the preliminary hearing were sworn at the trial in the superior court and testified as set forth in the transcript of the preliminary hearing. While a different degree of proof is necessary for conviction at the trial than is required before the committing magistrate nevertheless, if the testimony contained in the transcript convinces the trial judge beyond a reasonable doubt of the guilt of the accused, a conviction on such testimony is justified. Any doubt concerning appellant's right to be confronted by the witnesses against him at his trial was set at rest by the case of *People* v. *Wallin,* 34 Cal.2d 777, 781 [215 P.2d 1].

As to appellant's contention that ". . . he did not give his free and intelligent consent to waiver of Jury Trial" it is totally without merit because in that regard the record reflects the following:

"THE COURT: Mr. Johns has not waived his right to a jury trial?

"Mr. Fletcher (deputy district attorney): No.

"The Court: Mr. Johns, in connection with the statutory rape charge, do you waive your right to a jury trial?

"The Defendant: Yes.

"The Court: Do you wish to have the Court hear it without a jury?

"The Defendant: Yes.

"The Court: Do you understand that you are entitled to a jury trial?

"The Defendant: Yes.

"The Court: You are waiving that right voluntarily?

"The Defendant: Yes.

"The Court: Do counsel join in the waiver?

"Mr. Barnett (counsel for appellant): I join in the waiver.

"Mr. Fletcher: The People join in the waiver, your Honor."

No showing is here made that appellant did not fully understand the plain and unequivocal language of the trial judge and knowingly and understandingly answer the questions propounded to him with regard to waiver of his right to a trial by jury.

Appellant's next complaint is that the prosecutrix was asked leading questions. A review of the record indicates no abuse by the judge at the preliminary examination of the broad discretion vested in him to permit leading questions, particularly in a sex case such as the one now before us (*People* v. *Jehl,* 150 Cal.App.2d 665, 670 [310 P.2d 495]; *People* v. *Jackson,* 124 Cal.App.2d 787, 789 [269 P.2d 17]; *People* v. *Murphy,* 53 Cal.App. 474, 482 [200 P. 484]). Furthermore, no objections were made to these questions at the trial. Manifestly, no error was preserved for consideration on appeal (*People* v. *Smith,* 96 Cal.App. 373, 377 [274 P. 451]; *People* v. *Porter,* 105 Cal.App.2d 324, 331 [233 P.2d 102]; *People* v. *Simon,* 107 Cal.App.2d 105, 120 [236 P.2d 855]).

Equally without merit is appellant's contention that the evidence was insufficient to support the finding of guilt in this case. Penal Code, section 261, subdivison 1, denounces as a crime, an act of sexual intercourse with a female under the age of 18 years and who is not the wife of the accused. In the instant case, the prosecutrix testified that she had an act of sexual intercourse with appellant. While there was no evidence of consent or a lack thereof, consent is irrelevant (*People* v. *Benc,* 130 Cal. 159, 167 [62 P. 404]). Nor

was it necessary for appellant to have used force (*People* v. *Rangod*, 112 Cal. 669, 672 [44 P. 1071]). And, it was not required that the prosecution show resistance on the part of the victim (*People* v. *Totman*, 135 Cal. 133, 135 [67 P. 51]).

In the case at bar, the prosecution offered the testimony of the victim concerning the act committed upon her, and that of her mother as to the former's age. This testimony, which stands unrefuted by appellant, was sufficient to establish guilt. An appellate tribunal is not authorized to retry a case, reweigh the evidence or pass upon the credibility of witnesses. These questions are committed exclusively to the duly authorized arbiter of the facts (*People* v. *Bigelow*, 14 Cal.App.2d 723, 724 [58 P.2d 950]; *People* v. *Chesney*, 72 Cal.App. 570, 574 [237 P. 793]; *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]). As was said by the court in *People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758]:

". . . To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. (Citing cases.) Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. (Citing cases.)"

The case just cited furnishes a complete refutation of appellant's contention that, "The point is not that the witness' testimony is of little weight, for if that were all it would still be sufficient for the purpose of upholding this conviction on appeal. Rather, the point is that a reasonable mind, uninfluenced by passion or prejudice, could not reach the conclusion that the appellant is guilty as charged. Because it becomes inherently improbable in view of the facts produced to the court. The evidence presented to the court were of no 'solid value'; it must be of 'ponderable legal significance'; it must be evidence which a reasonable mind might accept as proof of a desired inference, . . ."

For the foregoing reasons, the judgments in cases numbered 6559 and 6560, and the order revoking probation (an order made after judgment) in case Number 6561, are, and each is affirmed.

Fourt, J.; and Lillie, J., concurred.