[Crim. No. 3884.   First Dist., Div. One.   Nov. 2, 1961.]

THE PEOPLE, Respondent, v. ADDIS EUGENE
WHITTINGTON, Appellant.

Robert L. Hughes, under appointment by the District
Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Joseph
I. Kelly, Deputy Attorneys General, for Respondent.

BRAY, P. J.—Defendant, convicted by a jury of burglary
in the second degree, appeals from the judgment and the order
denying his motion for new trial.*

---

*A charge of violation of section 496, Penal Code (receiving stolen
property) was dismissed. Defendant admitted two prior convictions
of burglary.

## QUESTION PRESENTED

Sufficiency of evidence of intent.

## EVIDENCE

On the evening of March 19, 1960, prior to worship services being held in the Germany Chapel, defendant was seen in the chapel playing an electric guitar which, along with an amplifier, belonged to the church pianist, Havon Butler, Jr. This instrument Butler played during services, leaving it in the chapel between services. After the services were concluded that evening, the church held another function in the dining room adjoining the chapel, access to which was through a door. The function was called a "lemon squeeze." At this time defendant was again seen alone in the chapel playing the guitar. He came out of the chapel, entered the dining room and stood by the door for "a little while." He then spoke to his mother about going home, went out to the street and waited in his car for his mother. The next morning the church pastor noticed that the guitar and amplifier were missing, and that the doors leading from the chapel to the street were open. The pastor's brother had locked these doors after services on the previous evening while the lemon squeeze was still in progress. These doors can only be opened from the inside.

Sometime after noon that day defendant brought the guitar to the home of James Finley, asking him to "buy" or "pawn" it. Finley refused. Either the following day or the day after that defendant visited the pastor at the latter's home and stated, " 'I'm sorry the guitar is missing, and I know where I can get one in the place of it.' " March 23 defendant sold the guitar and amplifier to a second hand store, signing a receipt for the money he received for it. He was paid by check, which he endorsed to an "Auto Mart" in payment of his indebtedness there.

Defendant told a detective in the Alameda County Sheriff's Office that he had been asked by another person about a guitar, that he had informed that person that there was one at the church, that while he was in the dining room near the door "the other parties came in and took the instrument" and that the part he played in taking the instrument was "more or less as a lookout." He stated to a police inspector " 'that after telling Frank Lane where and how to obtain the guitar, he, Whittington, entered the church for the purpose of being a lookout.' "

At the trial defendant denied taking the guitar. He contended that driving out to Hayward with one Huland Strand, the latter took the guitar into the second hand store while defendant waited in the car. That was the first knowledge defendant had that Strand had taken it. Huland Strand testified he saw defendant with the guitar at Finley's house; that later he was with defendant when defendant sold the guitar, and received for it a check for $30. They then went to the auto mart where defendant "placed the check."

## Intent

■ "Every person who enters any . . . building . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." (Penal Code, § 459.) Defendant's sole contention is that there is no evidence showing that when he entered the building he had the intent required by this section.

There was ample evidence, however, from which the jury could reasonably infer the necessary intent. Defendant stated to Inspector Richardson that he " '. . . entered the church for the purpose of being a lookout.' " Moreover, in any event, if, as he claimed, his confederates came in while he was acting as lookout, they came in with the intent to steal the guitar, and their intent is imputable to him as a principal in the crime. (See *People* v. *Sparks* (1941), 44 Cal.App.2d 748 [112 P.2d 974].) There the "appellant had devised a plan to steal the property of his employer, which plan involved the entry into the store by other persons for the purpose of taking delivery of the employer's property. . . ." (P. 749.) It was contended that since the appellant was employed in the store as a salesman he did not enter with intent to steal. The court held that as all engaged in the plan, including the appellant, were considered principals, the felonious entry of the others was imputable to the appellant. The court said, "The principle is illustrated in 9 C. J. 1016, section 18: 'If a servant or other person in a house opens the door for the purpose of letting in a confederate, and the latter enters with intent to commit a felony, there is a constructive breaking, and both are guilty of burglary.' " (P. 750.)

■ In his closing brief defendant contends that the case was tried on the theory that it was defendant and not another working with him, who stole the guitar and that that theory cannot be changed for purposes of appeal. (On that theory defendant contends the intent of defendant on entering the building was not proved.) He bases his contention on a state-

ment made by the trial judge on the hearing of the motion for new trial to the effect that "if the prosecution had been against the other person . . . the evidence would have been most flimsy indeed to convict him." The judge's statement, however, does not indicate that the prosecution's theory was that defendant acted alone. It merely states that in the judge's opinion there would have been insufficient evidence upon which to convict the other person had he too been charged with the crime.

Moreover, the record shows that the prosecution's principal, if not sole, theory was that defendant acted in concert with others committing the crime. The district attorney first brought out the fact that the doors leading from the chapel to the street had to be opened from the inside. He then established that defendant entered the chapel after the services and returned to stand by the dining room door. Finally, he introduced the testimony of Detective Welch to the effect that defendant stated he was in the dining room acting more or less as a lookout while "the other party took the thing out of the back." The attempted and actual sale of the guitar by defendant is just as consistent with his having acted with others as with his having acted alone.

The judgment and order are affirmed.

Tobriner, J., and Sullivan, J., concurred.