[Crim. No. 4039.   First Dist., Div. Two.   Dec. 14, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. EUGENE CRAWFORD, Defendant and Appellant.

Blaine McGowan for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Nat A. Agliano, Deputy Attorney General, for Plaintiff and Respondent.

KAUFMAN, P. J.—Defendant appeals from a judgment rendered on a jury verdict finding him guilty of unlawfully planting and cultivating marijuana in violation of section 11530 of the Health and Safety Code and from the order denying his motion for a new trial. The only question presented by the appeal is whether the evidence is legally sufficient to sustain the conviction, and after an examination of the record, it is our opinion that it is. Among the facts and circumstances disclosed thereby are the following:

The witness, John Contreres, testified that he had visited the defendant at his home in Dows Prairie in Humboldt County early in September of 1960. The defendant took him behind the house and showed him approximately one dozen plants and told him that the plants were marijuana. Contreres also saw these plants on several other occasions and saw the defendant water them. Subsequently, at the suggestion of Contreres and with his help, the defendant moved the plants and replanted them in a wooded area located some distance behind the defendant's house and near Strawberry Creek. Contreres also observed the defendant watering the plants after transplantation. Contreres further testified that when he saw the plants growing behind the defendant's home, he knew a criminal offense was being committed; his purpose in suggesting the transplantation was to see how long the defendant would keep them by the creek and it was his intention from the beginning to tell the sheriff about the matter.

On September 18, 1960, Contreres informed Deputy Sheriff Taylor of the plants near Strawberry Creek. Taylor contacted Deputy Sheriff Cox, and on September 20, 1960, Contreres led Cox to the plants. Cox testified he observed a plot of ground approximately 2½ by 3 feet containing 27 plants, each about 3 inches high. On the following day, Cox returned with Deputy Sheriff Johnston and Sergeant Busey of the Eureka Police, removed one plant from the ground and sent it to the State Narcotics Bureau office in San Francisco for analysis. Cox then stationed himself in the brush about fifty feet from the

plants and maintained a stakeout. No one appeared for three days.

When Cox returned to location on September 30, 1960, about 6:30 a. m., he noticed the plot still contained 26 plants and remained undisturbed. He again stationed himself in the brush and waited. About 11:30 a. m., he saw the defendant approaching down the hill from the direction of his home. When the defendant arrived at the base of the hill, he stopped and looked at a man cutting wood approximately one hundred yards away. Defendant continued on, stopping and looking in all directions, as he neared the plants. When the defendant arrived at the plot containing the plants, he stepped off onto a nearby log and looked around for a few seconds. Cox stated that the defendant was carrying a lug box and a long handled spoon. Defendant got down on his hands and knees by the plants and placed the box alongside. After waiting three or four minutes, Cox, who was dressed in levis, baseball cap and a khaki shirt with sheriff's patches on both arms and a badge, walked up behind the defendant and asked him what he was doing. The defendant jumped to his feet and threw the spoon into the brush and asked the officer what he was doing. Cox told him he was observing marijuana plants. Defendant then professed ignorance, stating he did not know what marijuana plants were and stated that he was digging for fish worms. Cox placed the defendant under arrest and recovered the spoon which had some dirt on it and the empty lug box. Cox further testified that at the time of the arrest, the defendant had fishing gear with him, there was sufficient water for fishing in Strawberry Creek, and there was no dirt on the defendant's clothing.

With the aid of the other officers, Cox removed the remaining 26 plants and placed them in plastic bags. Defendant bent down and said he wanted to get a closer look to see what the plants looked like, but at the same time volunteered information, saying: "Here's one here." Subsequent microscopic and chemical tests disclosed that the 26 plants and the one originally taken were marijuana plants about four to five weeks old.

The witness Battles, the defendant's neighbor, testified in September 1960, he had seen the defendant and another man in the defendant's back yard. The defendant was patting the soil down around 15 to 18 little plants which were 4 inches high and watered them. Two days later, Battles noticed the plants had been removed and the ground torn up.

The defendant took the stand in his own defense and testified that he had not grown or planted any marijuana plants by Strawberry Creek; that he had caught fish in Strawberry Creek, using worms from the nearby damp ground. He denied bending over the plants on the day of his arrest, and stated that he threw away the spoon when Cox spoke to him, because he was startled and did not recognize Cox. The defendant's mother testified that she grew sweet basil in back of her home, a short distance from the neighbors, and that the whole family, including the defendant, had watered these plants, which she used for cooking. She also stated that sweet basil had a pointed leaf and identified as sweet basil the plants previously introduced into evidence. The remainder of the defendant's witnesses also substantiated his version of the evidence.

Defendant's main contention on appeal is that he was convicted on the uncorroborated testimony of an accomplice in violation of section 1111 of the Penal Code. There is no merit in this argument. In view of the conflicting evidence, the jury could find either that Contreres did not participate in the transaction with the criminal intent or guilty knowledge (*People* v. *Pigg*, 149 Cal.App.2d 737, 740 [308 P.2d 884]), or that he was an accomplice. Thus, under the circumstances of this case, the question of whether Contreres was an accomplice was properly a question of fact left to the determination of the jury (*People* v. *Jehl*, 150 Cal.App.2d 665 [310 P.2d 495]; *People* v. *Griffin*, 98 Cal.App.2d 1 [219 P.2d 519]; *People* v. *King*, 30 Cal.App.2d 185 [85 P.2d 928]). The record indicates the trial court properly instructed the jury on the definition of an accomplice and the test applicable in determining whether a witness is an accomplice and as to the requisites of corroborative evidence.

There is no question that if viewed as an accomplice, the testimony of Contreres is sufficiently corroborated. The evidence necessary to corroborate the testimony of an accomplice need not establish every fact; it is the combined and cumulative weight of the evidence furnished by nonaccomplice witnesses which supplies the test. Corroborative evidence may be sufficient though slight and entitled to little weight when considered alone (*People* v. *Howk*, 56 Cal.2d 687, 704 [16 Cal.Rptr. 370, 365 P.2d 426]; *People* v. *Wade*, 53 Cal.2d 322, 329 [348 P.2d 116]). Here, aside from the defendant's own testimony which may furnish the required corroboration (*People* v. *Polsalski*, 181 Cal.App.2d 795 [5 Cal.Rptr. 762]), there was the testimony of Battles and

Cox. The jury could disbelieve the defendant's testimony that he did not know the nature of the plants. Furthermore, the weight and credibility of evidence is for the jury which was not required to believe the testimony of the defendant's witnesses about the fishing in Strawberry Creek and the fact that the plants the defendant had watered were only sweet basil.

Defendant also argues that the evidence does not support the verdict, as it relates only to the harvesting of marijuana, whereas the information charged him with wilfully and unlawfully cultivating and planting marijuana. In our opinion, the facts and circumstances related above are legally sufficient to support the conclusions which the jury evidently drew therefrom, that the defendant had planted and afterwards cultivated the marijuana plants knowing the kinds of plants they were, and that, therefore, he was guilty of violating the statute as charged (*People* v. *Gregoris,* 70 Cal.App.2d 716 [161 P.2d 568] ; *People* v. *Gorg,* 45 Cal.2d 776, 780 [291 P.2d 469]).

Judgment and order denying motion for new trial are hereby affirmed.

Shoemaker, J., and Agee, J., concurred.